931 F.2d 886
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert N. HAYES, Jr., Plaintiff-Appellant,
v.
POE HOMES HOUSING PROJECT MANAGEMENT, Baltimore City Housing
Authority, Defendants-Appellees.
 No. 90-3106.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 6, 1991.
Decided May 3, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. John R. Hargrove, District Judge. (CA-90-1237-HAR)
 Robert N. Hayes, Jr., appellant pro se.
 D.Md.
 VACATED AND REMANDED.
 Before SPROUSE and NIEMEYER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Robert N. Hayes, Jr. filed a pro se action he entitled "Civil Right Action Pusuant [sic] to the 1964 Civil Right Acts." He alleged violations of due process and equal protection by local authorities who evicted him from rental property and requested that the district court "vacate" back rent and award him "general and punitive damages." The district court summarily dismissed the complaint, stating that Hayes "has not properly stated a cause of action that this Court may hear." Hayes noted a timely appeal. We vacate the district court order and remand for further proceedings pursuant to this opinion.
 
 
 2
 Hayes alleged that the Baltimore City Housing Authority denied him due process and equal protection of the law when it refused to remove his name from a lease when he was institutionalized and that he was evicted because the housing authorities would not accept his co-tenant's portion of the rent. He continues that the defendants conspired "to deprive him of his Constitution and Civil Rights. [sic] because of their constantly complaining about the terrible condition of their apartment." Hayes stated that the defendants failed to inform him of his eviction and to provide him with a hearing before the "Rent Court" in violation of his constitutional and civil rights. He also asserted that the Baltimore City Housing Authority discriminated against handicapped single men.
 
 
 3
 A pro se complaint may be dismissed as frivolous under 28 U.S.C. Sec. 1915(d) if there is no factual or legal basis for the complaint. Neitzke v. Williams, 490 U.S. 319 (1989); White v. White, 886 F.2d 721, 723 (4th Cir.1989). To satisfy the test of frivolousness under Sec. 1915(d), the district court must find "beyond doubt" and under any "arguable" construction, "both in law and in fact" of the substance of the plaintiff's claim that he would not be entitled to relief. Boyce v. Alizaduh, 595 F.2d 948, 952 (4th Cir.1979), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Allegations, however inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence unless it is "beyond doubt" that petitioner could prove no set of facts entitling him to relief. Cruz v. Beto, 405 U.S. 319 (1972). If a pro se complaint contains a potentially cognizable claim, the plaintiff should be allowed to particularize his claim. Coleman v. Peyton, 340 F.2d 603, 604 (4th Cir.1965), cert. denied, 385 U.S. 905 (1966).
 
 
 4
 To establish a cause of action under 42 U.S.C. Sec. 1983, Hayes must prove that he suffered deprivation of a right secured by the Constitution or other law of the United States and that the deprivation resulted from the conduct of a person who acted under the color of state law. Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). If there is no violation of a federal right, there is no basis for a Sec. 1983 action. Clark v. Link, 855 F.2d 156, 161 (4th Cir.1988). An action under 42 U.S.C. Sec. 1983 may not be based solely on a violation of state law or on a state tort. Id.
 
 
 5
 Local governing bodies are "persons" that can be sued directly under Sec. 1983 for monetary, declaratory, or injunctive relief when the alleged unconstitutional action executes governmental policy or custom. Monell v. New York City Dep't of Social Serv., 436 U.S. 658, 690-91 (1978), overruling in part Monroe v. Pape, 365 U.S. 167 (1961). For municipal liability to attach, the claim must arise out of official action of the municipality or agency pursuant to official policy, decision or custom. Spell v. McDaniel, 824 F.2d 1380, 1385-88 (4th Cir.1987), cert. denied, 484 U.S. 1027 (1988).
 
 
 6
 In Zinermon v. Burch, 58 U.S.L.W. 4223 (U.S. Feb. 27, 1990) (No. 87-1965), the Supreme Court held that when a deprivation in violation of procedural due process is foreseeable, when a predeprivation process is possible, and when the state has delegated to the defendant the power to effect the deprivation complained of, predeprivation process, rather than a postdeprivation remedy, is required. 58 U.S.L.W. at 4230. In following the mandate of Zinermon, this Court has stated that it must first ask whether the risk of an erroneous deprivation was foreseeable, and next "whether predeprivation safeguards would have any value in guarding against the kind of deprivation ... allegedly suffered." Fields v. Durham, 909 F.2d 94, 97 (4th Cir.1990), cert. denied, 59 U.S.L.W. 3501 (U.S.1991), quoting Zinermon, 58 U.S.L.W. at 4229. When a state government can and does provide a predeprivation hearing and charges its employees with effecting the deprivation complained of, the availability of an adequate state postdeprivation remedy does not, standing alone, satisfy the Due Process Clause. Plumer v. Maryland, 915 F.2d 927, 931 (4th Cir.1990).
 
 
 7
 Hayes's complaint can be construed to allege that he was evicted from publicly subsidized housing without the notice and hearing required by due process and Fair Housing Act regulations. Since such an eviction was foreseeable, predeprivation process was possible, and the state had delegated to the defendants the power to effect the deprivation Hayes complains of, predeprivation process, rather than a postdeprivation remedy was required under Zinermon.
 
 
 8
 Construed liberally, Hayes's complaint may allege deprivation of property rights in rental property or in "back rent" funds by the Baltimore City Housing Authority or eviction without a predeprivation hearing. Since Hayes's claims may have an arguable basis in law or fact, summary dismissal of his action was inappropriate. We therefore vacate the district court order dismissing Hayes's action and remand to the district court for further proceedings consistent with this opinion.[1] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 9
 VACATED AND REMANDED.
 
 
 
 [1]
 On remand, the district court may order Hayes to further particularize his pleadings. See Coleman v. Peyton, supra