4 F.3d 985
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Frank M. GASTER, Plaintiff-Appellant,
v.
Carroll A. CAMPBELL, Jr., Governor of the State of South
Carolina; Michael D. Jarrett, Commissioner of the
Department of Health and Environmental Control; John F.
Brown, Toxicologist of the Department of Health and
Environmental Control, Defendants-Appellees.
 No. 93-6605.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 27, 1993.
Decided Sept. 2, 1993.
 
 Appeal from the United States District Court, for the District of South Carolina, at Columbia, No. CA-93-454-3-20AJ; Henry M. Herlong, Jr., District Judge.
 Frank M. Gaster, pro se.
 D.S.C.
 VACATED AND REMANDED.
 Before HALL, MURNAGHAN, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Frank M. Gaster appeals from the district court's order adopting the magistrate judge's recommendation and dismissing his 28 U.S.C. Sec. 1983 (1988) complaint without issuance and service of process. We find that Gaster's complaint states a cognizable Eighth Amendment claim. Consequently, we vacate the district court's order and remand the case for further proceedings consistent with this opinion.
 
 
 2
 Gaster, a South Carolina state inmate, filed an action complaining that South Carolina failed to provide a smoke-free environment for prisoners. He alleges the lack of such a policy violates his Eighth Amendment protection against cruel and unusual punishment because he is a non-smoker and must endure the cigarette smoke present in prison. The magistrate judge recommended dismissal, apparently under 28 U.S.C. Sec. 1915(d) (1988),[1] on the grounds that complaints about cigarette smoke do not assert a cognizable constitutional claim. (R. 6). Gaster was warned that failure to file objections to the magistrate judge's report would result in waiver of his right to appeal the district court's order, if the district court adopted the recommendations. Because Gaster made only general objections and did not point to particular errors in the magistrate judge's report, the district court declined to exercise de novo review and, adopting the magistrate judge's recommendation, dismissed the case without issuance and service of process.[2]
 
 
 3
 As stated earlier, based on the case law cited by the magistrate judge, the district court's dismissal without service is best understood as an action under 28 U.S.C. Sec. 1915(d) (1988). Pursuant to Sec. 1915(d), a court may dismiss a non-fee-paying litigant's claims without prejudice "if satisfied that the action is frivolous."[3]
 
 
 4
 Dismissals under Sec. 1915(d) are reviewed under an abuse of discretion standard, and an appellate court should not lightly overturn a district court's finding of frivolousness. White v. White, 886 F.2d 721, 724 (4th Cir.1989). Nevertheless, the legal standard that must be applied by the district court remains strict: dismissal under Sec. 1915(d) is appropriate only where the plaintiff's factual contentions are clearly baseless, or the claim is based on an indisputably meritless legal theory. See Neitzke v. Williams, 490 U.S. 319, 327 (1989). If a pro se complaint contains a potentially cognizable claim, the plaintiff should be given an opportunity to particularize his allegations. See Coleman v. Peyton, 340 F.2d 603, 604 (4th Cir.1965).
 
 
 5
 Shortly after the district court issued its order, the Supreme Court decided Helling v. McKinney, 61 U.S.L.W. 4648 (U.S.1993). McKinney held that a plaintiff "states a cause of action under the Eighth Amendment by alleging that [the defendants] have, with deliberate indifference, exposed him to levels of [environmental tobacco smoke] that pose an unreasonable risk of serious damage to his future health." Id. at 4650. To prove an Eighth Amendment violation, a plaintiff must demonstrate two objective elements: (1) he is being exposed to unreasonably high levels of environmental tobacco smoke, and (2) today's society will not tolerate his exposure to this risk. Id. Furthermore, plaintiff must prove a subjective element: the defendants are deliberately indifferent to his exposure to this risk. Id. at 4651.
 
 
 6
 Gaster's complaint alleges that Defendants exposed (and continue to expose) him to cigarette smoke, a known human carcinogen, in violation of his Eighth Amendment protection against cruel and unusual punishment. Although it remains to be seen whether Gaster will be able to meet the subjective and objective elements of McKinney, his complaint states a cognizable Eighth Amendment claim and the district court erred by dismissing it on the grounds that his complaint raised no constitutional issues.
 
 
 7
 Named as Defendants in Gaster's complaint are Carroll A. Campbell, Jr., Governor of South Carolina, and Michael D. Jarrett and John F. Brown, respectively the Commissioner and Toxicologist of the South Carolina Department of Health and Environmental Control. We find that these Defendants are not the proper parties against whom Gaster may bring his action, because they are not directly responsible for prison administration.[4] When a pro se litigant brings a potentially meritorious cause of action against the wrong parties, the district court should "afford him a reasonable opportunity to determine the correct person or persons against whom the claim is asserted, advise him how to proceed and direct or permit amendment of the pleadings to bring that person or persons before the court." Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir.), cert. denied, 439 U.S. 970 (1978). The district court should provide Gaster with such an opportunity.
 
 
 8
 For these reasons, we vacate the district court's order and remand this case to the district court for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 9
 VACATED AND REMANDED.
 
 
 
 [1]
 Although the magistrate judge's report does not expressly state that he recommended dismissal under Sec. 1915(d), it cites Denton v. Hernandez, 60 U.S.L.W. 4346 (U.S.1992), and Neitzke v. Williams, 490 U.S. 319 (1989), as support for the recommendation of dismissal without issuance and service of process. These cases explain that under Sec. 1915(d), a district court is authorized to dismiss an action without service of process on the defendant if the claims are based on indisputably meritless legal theories or clearly meritless factual contentions
 
 
 [2]
 A district court need not conduct de novo review "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). However, even if a party generally waives appellate review by failing to file specific objections to the magistrate judge's report, Gaster did not waive appellate review, because the district court did not notify him of these consequences. See Wright v. Collins, 766 F.2d 841, 845 (4th Cir.1985) (pro se litigant must be given explicit notice of the consequences of a failure to object)
 
 
 [3]
 Here, the district court's dismissal was with prejudice, so even if dismissal was appropriate, the district court's order would have to be modified to reflect dismissal without prejudice
 
 
 [4]
 Even if the named Defendants were the proper parties to sue, Gaster's claims against them raise Eleventh Amendment concerns. Gaster seeks injunctive, declaratory, and monetary relief, but does not specify whether he is suing Defendants in their official or individual capacities. Generally, absent waiver or consent, see Moreno v. University of Md., 645 F.2d 217, 220 (4th Cir.1981), aff'd, 458 U.S. 1 (1982), the Eleventh Amendment bars suits against a state and its agencies. Pennhurst v. State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984). However, the Eleventh Amendment does not bar damage awards against state officials sued in their individual capacities for intentional deprivations of constitutional rights under color of state law. Ex Parte Young, 209 U.S. 123 (1908). Moreover, state officials are not immune from litigation in suits for declaratory or injunctive relief when they are sued in their official capacities for alleged constitutional violations. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 n. 10 (1989)