17 F.3d 1434
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Jerry HINTON, Plaintiff-Appellant,
v.
Ernest SUTTON, Defendant-Appellee.
 No. 93-7233.
 United States Court of Appeals, Fourth Circuit.
 Submitted: January 27, 1994.
Decided: February 23, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, District Judge. (CA-93-299)
 Jerry Hinton, Appellant Pro Se.
 Before WILKINS and NIEMEYER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Jerry Hinton appeals the district court's order dismissing his civil rights action as frivolous pursuant to 28 U.S.C.Sec. 1915(d) (1988). For the reasons stated below, we affirm in part, and vacate and remand in part.
 
 
 2
 Hinton, a North Carolina inmate, filed an action pursuant to 42 U.S.C. Sec. 1983 (1988), against Ernest Sutton, Superintendent of Currituck Correctional Center. He alleged denial of due process when he was placed into segregation and reclassified from medium to close security after he assaulted two inmates with a pipe. Specifically, Hinton claimed denial of a protected liberty interest when: (1) he was not given a copy of the disciplinary report or copy of the charges against him; (2) he was demoted from medium to close security without a hearing; and (3) he was denied the right to be brought before a disciplinary committee to offer witnesses and defend against the charges. Among other remedies, Hinton sought restoration of lost time.
 
 
 3
 The district judge sua sponte dismissed Hinton's claim under 28 U.S.C. Sec. 1915(d) (1988), on the ground that the classification of inmates in the North Carolina prison system is a discretionary administrative act in which there is no liberty interest. From that decision, Hinton timely appeals.
 
 
 4
 The standard for reviewing cases dismissed underSec. 1915(d) is abuse of discretion. Denton v. Hernandez, 60 U.S.L.W. 4346 (U.S.1992). Dismissal under Sec. 1915(d) is appropriate for claims based on indisputably meritless legal theories or claims whose factual contentions are clearly baseless. Id.; Neitzke v. Williams, 490 U.S. 319, 327 (1989). To satisfy the test of frivolousness underSec. 1915(d), a claim must lack an arguable basis either in law or in fact. Neitzke, 490 U.S. at 325; cf. Cruz v. Beto, 405 U.S. 319 (1972). The frivolousness determination must be weighted in favor of the plaintiff. Denton, 60 U.S.L.W. at 4347-48.
 
 
 5
 We find that the district court did not abuse its discretion in dismissing Hinton's claim regarding his change to close custody status because the classification of inmates in the North Carolina prison system is a discretionary administrative act which triggers no liberty interest. See O'Bar v. Pinion, 953 F.2d 74, 82 (4th Cir.1991). Consequently, there is no arguable basis in law for this claim, and it was properly dismissed under Sec. 1915(d). See Neitzke, 490 U.S. at 325. Accordingly, we affirm that portion of the district court's order.
 
 
 6
 However, Hinton also alleged that he was placed in lockup without a hearing or notice of the charges, and he sought the restoration of "lost time and contracts." When loss of good-time credits or solitary confinement is at issue, the United States Supreme Court has mandated the following procedural safeguards: (1) advance written notice of charges; (2) written findings; and, generally, (3) the right to call witnesses. Wolff v. McDonnell, 418 U.S. 539, 563-66 (1974).
 
 
 7
 While Hinton did not state in his Complaint how long he was on lockup, he did allege that he was never given written notice of the charges, or a hearing and the opportunity to call witnesses on his behalf. Given the chance to particularize his claim, Hinton may have stated a claim cognizable under Sec. 1983.* Weighing the frivolousness determination in Hinton's favor, we find that this was not a clearly baseless claim, and that the district court's Sec. 1915(d) dismissal with prejudice, without giving Hinton a chance to particularize his claim and without an answer from the Defendant, was an abuse of discretion. See Coleman v. Peyton, 340 F.2d 603, 604 (4th Cir.1965) (pro se plaintiff should be permitted to particularize potentially viable claim).
 
 
 8
 Accordingly, we vacate the district court's order on the issue of disciplinary segregation and loss of good time credits, and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 
 *
 We note that Hinton alleged in his informal brief before this Court that he was placed in segregation for three weeks without notice and a hearing. If permitted to particularize his complaint with this fact, Hinton would likely have stated a claim sufficient to survive summary dismissal