### In re A.H. ROBINS COMPANY, INCORPORATED, Debtor.

**Employer's Tax Identification No. 54–0486348.**

**Judy A. LAMMERS, Movant,**

**v.**

**DALKON SHIELD CLAIMANTS TRUST, Respondent.**

**No. 85–01307–R.**

United States District Court, E.D. Virginia, Richmond Division.

April 4, 1997.

Judy A. Lammers, Columbia, MO, pro se.

Anne M. Glenn, Richmond, VA, for Dalkon Shield Claimants Trust.

Melody G. Foster, Richmond VA, for the Trust.

## MEMORANDUM

MERHIGE, District Judge.

This matter is before the Court on a Motion by Dalkon Shield Claimant Judy A. Lammers ("Lammers") to Enforce The Plan And Set Aside The ADR Decision.[1] Neither party has asked to be heard on this matter. For the reasons which follow, Lammers' Motion will be denied.

### I.

Lammers is a Dalkon Shield claimant who alleged that the Dalkon Shield caused her uncontrolled bleeding, pelvic inflammatory disease, and abnormal Pap smears. She rejected her Option 3 offer of $2,500 and elected to proceed with binding Alternative Dispute Resolution ("ADR").[2] In electing ADR, Lammers and a Trust representative signed an "Agreement To Submit To Binding Alternative Dispute Resolution" (the "ADR Agreement") which provided in pertinent part:

> Both the Claimant and the Dalkon Shield Claimants Trust (collectively the "Parties") agree to submit to ADR in accordance with the Claims Resolution Facility (the "CRF") and the First Amended Rules Governing Alternative Dispute Resolution (the "ADR Rules"), which are attached and incorporated into this Agreement, and further agree that the ADR Rules will govern the ADR proceedings.
>
> .   .   .   .   .
>
> The Parties agree that the referee's decision is final and binding on the Parties.
>
> .   .   .   .   .
>
> The ADR hearing shall be conducted as provided in the ADR Rules.

Resp. Ex. B.

Rule VII of the First Amended Rules Governing Alternative Dispute Resolution (the "ADR Rules") provides:

> At least 20 calendar days prior to the ADR hearing date, the parties shall files with the referee and serve on each other copies of all documents that they intend to present as evidence at the ADR hearing .... The referee may exclude from the ADR

---

1. Lammers wrote to the Court in June 1995 seeking reinstatement of her claim or, in the alternative, a new ADR hearing. On July 5, 1995, her letter was docketed as a Motion To Vacate her ADR award. Since that time, this Court has held that when a claimant seeks relief from an ADR decision, the Court will treat the motion as a Motion To Enforce The Plan And Set Aside The ADR Decision. *See In re A.H. Robins Co. (Bledsoe v. Dalkon Shield Claimants Trust)*, 197 B.R. 550 (E.D.Va.1995), *appeal docketed*, No. 95–2662 (4th Cir.1995). The Court also notes that Lammers appears *pro se* and is mindful that

courts must liberally construe the pleadings of *pro se* parties. *See Gordon v. Leeke*, 574 F.2d 1147, 1151–52 (4th Cir.) *cert. denied*, 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978); *Coleman v. Peyton*, 340 F.2d 603, 604 (4th Cir.1965).

2. Lammers initially elected to resolve her claim under Option 2, but later withdrew this election and proceeded under Option 3. The Trust claims to have fully evaluated Lammers' medical records and information in her claim form before it extended its offer of compensation.

hearing any documents not timely exchanged....

Each party may, no later than 12 days before the ADR hearing, file and serve any statement of issues, pre-hearing briefs, Motions in Limine, Motions for Continuance or any other motion

ADR Rule VII (emphasis omitted).[3]

Lammers' ADR hearing took place on July 7, 1993. On July 12, 1993, the Referee issued his decision denying Lammers compensation for any of her claimed injuries. Mot. Ex. B. In his decision, the Referee concluded that Lammers had failed to meet her burden of proving that any of her alleged injuries were caused by her use of the Dalkon Shield. *Id.* The Neutral Third Party ("NTP") mailed the Referee's decision to the parties on July 19, 1993. Supp. Resp.

Nine months later, on April 10, 1994, Lammers wrote to the Trust asking that her ADR hearing be reopened. Mot. Ex. C. In that letter, Lammers contended that: (1) the Trust's offer proved that she had a valid claim; (2) the Trust filed a motion to exclude evidence after the deadline for doing so, in violation of the ADR Rule VII; (3) the Referee's alleged religious beliefs impacted his decision; and (4) the Referee's decision was unethical because he collected a fee for hearing the case. *Id.* The Trust promptly informed Lammers that the relief she sought was not available and that her claim was closed. Mot. Ex. G.

Nearly one year later, on April 22, 1994, Lammers wrote the ADR Referee requesting that he reopen her hearing pursuant to ADR Rule XII.L. Mot. Ex. H. The Trust responded by writing to the Referee stating their opposition to this request. Mot. Ex. I. The Referee denied Lammers' request for lack of good cause. Mot. Ex. J.

On July 5, 1995, nearly two years after the Referee's decision, Lammers filed the instant Motion with this Court. In her Motion, Lammers contends that: (i) the Trust violated ADR Rule VII by filing an untimely motion to exclude documents; and (ii) the Referee erred in refusing to reopen her claim. The Trust opposes Lammers' Motion on several grounds.

## II.

■ Neither the Plan nor the ADR Rules expressly provide for any relief from a referee's decision. Nevertheless, this Court has recognized that "fairness [to the individual claimant] requires some form of relief from an ADR decision." *Bledsoe,* 197 B.R. at 554. This Court has also recognized, however, that fairness to the entire group of claimants requires that this avenue of relief be quite limited. *Id.* Accordingly, this Court in *Bledsoe* held that it will only review an ADR decision under the most "extreme circumstances" where a claimant can demonstrate "flagrant referee misconduct by clear and convincing evidence." *Id.* The Court noted in *Bledsoe* that one example of such misconduct is where a referee "brazenly refuses to abide by the ADR rules or makes plainly egregious and patently unfair procedural errors." *Id.; see also In re A.H. Robins Co. (Galarneau v. Dalkon Shield Claimants Trust),* 201 B.R. 142, 145 (E.D.Va.1996) (discussing relief from ADR).

■ This Court in *Bledsoe* also addressed the timing of motions for relief from ADR. The Court concluded that because any impropriety associated with an ADR award could be readily ascertained, a party seeking relief must file their motion within 60 days from the date that the Neutral Third Party ("NTP") sends the referee's decision to the parties. Absent a showing of good cause, motions beyond this period are time-barred. *Bledsoe,* 197 B.R. at 554–55.

## III.

■ Applying the foregoing principles to the instant matter, the Court finds that Lammers' Motion fails on the threshold issue of timeliness. The record reflects that the NTP mailed the Referee's decision to the parties

---

3. Lammers attaches as exhibits several sections of the original Rules Governing Alternative Dispute Resolution. Although Lammers was initially sent this original version of the ADR Rules, by the time that Lammers elected ADR, those rules had been replaced by the First Amended Rules Governing Alternative Dispute Resolution. As noted above, Lammers ADR Agreement incorporated the first amended version of the ADR Rules.

on July 19, 1993. Lammers' earliest objection to the Referee's decision was her April 10, 1994 letter to the Trust, nine months after the ADR hearing. Even if the Court were to construe this letter, rather than the instant Motion, as Lammers' Motion To Set Aside The ADR Decision, this letter was not filed within the 60 day period mandated by *Bledsoe.* The Court also notes that the alleged improprieties asserted by Lammers could have been readily ascertained by Lammers. Accordingly, the Court finds that Lammers has failed to show good cause why the 60 day limitation period should not apply to this case.

■ Even if, *arguendo*, the Court were to address the merits of this Motion, the Court would not grant Lammers' request. The most meritorious argument presented by Lammers—the alleged violation of ADR Rule VII—does not entitle Lammers to the relief she seeks. The record reflects that the Trust filed a motion to exclude documents eight days before the hearing, instead of the twelve days required by ADR Rule VII. Mot. Ex. H. The Trust concedes that its motion was untimely, but argues that it was filed out of time only because Lammers' submission of documents was made fifteen days before the hearing, five days after the twenty-day deadline provided by ADR Rule VII. While the Trust apparently waived its objection to the timeliness of the Lammers' submission, it did seek to exclude certain documents that it contended were irrelevant.

To the extent that the Trust's motion may have been untimely, the Court finds that Lammers waived any objection to this alleged procedural irregularity by failing to object in a timely manner. ADR Rule XIV provides:

Either party who proceeds with the ADR proceeding after knowing that any provision or requirement of these Rules has not been complied with, and who fails to state a timely objection shall be deemed to have waived the right to object.

ADR Rule XIV.C. Because Lammers knew, or should have known, that the Trust's motion was untimely, but did not object until well after her hearing, Lammers waived her right to do so and cannot now complain. Accordingly, were the Court to consider the merits of Lammers' Motion, the Court would find that the Referee did not err in considering the Trust's motion.[4]

### IV.

Because Lammers failed to note any objection to the Referee's decision within 60 days after the date that the NTP mailed the decision to the parties, the Court will deny Lammers' Motion as untimely.

An appropriate Order shall enter.

### ORDER

This matter is before the Court on a Motion by Dalkon Shield Claimant Judy A. Lammers to Enforce The Plan And Set Aside The ADR Decision. (Docket No. 24428). Upon due consideration, for the reasons stated in the Memorandum this day filed, and deeming it just and proper to do so, it is ADJUDGED and ORDERED that the Motion be, and the same is, hereby DENIED.[5]

4. The other arguments presented by Lammers are frivolous. Lammers' contention that the Trust's settlement offer should have been considered by the Referee as an admission of liability is without merit. Not only did Lammers fail to exchange this document during the pre-hearing exchange, but ADR Rule XII plainly states that the Trust's offer is a "settlement offer and shall not be deemed an admission of liability." ADR Rule XII.F.2.b. Additionally, to the extent that Lammers contends that the Referee was not qualified, Lammers should have sought his recu-

sal prior to the hearing pursuant to ADR Rule IV.G. Finally, contrary to Lammers' assertions, there is no evidence that the Trust raised a statute of limitations defense at the hearing, or that the Referee's refusal to reopen Lammers' case was not an impartial decision.

5. This is a final, appealable Order on Lammers' Motion. Lammers is notified that she has a right to appeal from this Order to the United States Court of Appeals for the Fourth Circuit. In order to appeal, she must, within thirty days of

the date of this Order, file a notice of appeal together with a filing fee of $105.00 with the Clerk of this Court, 1000 East Main Street, Suite 307, Richmond, Virginia 23219. Failure to file a timely notice of appeal may result in Lammers losing her right of appeal.