In re A.H. ROBINS COMPANY, INCORPORATED, Debtor.

Employer's Tax Identification No. 54–0486348.

Teresa KELLY, Movant,

v.

BRELAND INSURANCE TRUST, Respondent.

No. 85–01307–R.

United States District Court, E.D. Virginia, Richmond Division.

June 2, 1997.

Teresa Kelly, Fairfield, Coolock, Dublin 17 Ireland, pro se.

Anne M. Glenn, Richmond, VA, for Breland Insurance Trust.

*MEMORANDUM*

RICHARD L. WILLIAMS, District Judge.*

■ This matter is before the Court on Movant Teresa Kelly's ("Kelly") Motion To

---

* Pursuant to Federal Rule of Civil Procedure 63 and Bankruptcy Rule 9028, this matter is before The Honorable Richard L. Williams. The Court hereby certifies that the regularly presiding judge is unable to proceed, that the Court is familiar with the record, and that proceedings in this

Enforce The Plan And Set Aside The ADR Decision.[1] The Breland Insurance Trust (the "Trust") opposes Kelly's Motion. The parties have not asked to be heard on the Motion and the matter is ripe for disposition. For the reasons which follow, the Court will deny the Motion.

## I.

Kelly is a Breland claimant who claims that she has suffered injuries as a result of her use of the Dalkon Shield. Kelly rejected the Trust's settlement offer and chose to resolve her claim through binding Alternative Dispute Resolution ("ADR"). In electing ADR, Kelly and a Trust representative signed a "Rejection of Offer and Agreement to Proceed with Alternative Dispute Resolution" which provided in pertinent part:

> I understand that the ADR process on my claim shall be conducted as provided in the Second Amended Rules Governing Alternative Dispute Resolution (Rules), which are attached and incorporated into this Agreement, and which I have read, understand and agree to follow. I further agree that each reference in the Rules to the Trust shall mean the Breland Trust.
>
> I understand that the decision of the referee in ADR is final and binding and the award the referee makes, if any, will be full and final payment of my claim.

Trust Ex. A.

Kelly's ADR hearing was held on May 30, 1996 in Dublin, Ireland. Kelly, who was represented by counsel at the hearing, presented evidence in support of her claims for abnormal bleeding, pelvic inflammatory disease, embedment of the Dalkon Shield, and her cesarean delivery. On June 19, 1996, the Referee issued his written decision denying Kelly any compensation. Trust Ex. C. The Referee concluded that there was not sufficient medical evidence to support any of Kelly's claims. *Id.* The Referee also found that Kelly's hysterectomy was unrelated to her use of the Dalkon Shield. *Id.*

On August 12, 1996, Kelly wrote to the Trust, stating that she did "not accept the decision of the [Referee] and shall be seeking further advice on the matter." Trust Ex. D. On August 28, 1996, the Trust responded to Kelly, informing her that she could obtain judicial relief under the standard articulated by this Court in *Bledsoe.* ·Trust Ex. E. Accordingly, on September 25, 1996, Kelly filed the instant motion seeking relief from the Referee's decision.[2] In support of her Motion, Kelly claims that she was not treated in a fair manner and that the Referee's decision was not justified.[3] Kelly further argues that her hearing was too short, that the Trust's non-lawyer representative tried to twist her words, and that the· Referee "was more interested in discussing golf matters with my solicitor." Reply at 2.

## II.

Neither the Plan nor the ADR Rules expressly provide for any relief from a referee's decision. Nevertheless, this Court has rec-

matter may be completed without prejudice to the parties.

1. Kelly wrote to the Court in a letter dated September 11, 1996 seeking reversal of her ADR decision. Pursuant to *In re A.H. Robins Co. (Bledsoe v. Dalkon Shield Claimants Trust)*, 197 B.R. 550 (E.D.Va.1995), *aff'd*, 112 F.3d 160 (4th Cir.1997), Kelly's letter was docketed on September 25, 1996 as a Motion To Enforce The Plan And Set Aside The ADR Decision. (Docket No. 29561). The Court notes that Kelly appears *pro se* and is mindful that courts must liberally construe the pleadings of *pro se* parties. *See Gordon v. Leeke*, 574 F.2d 1147, 1151–52 (4th Cir.) *cert. denied*, 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978); *Coleman v. Peyton*, 340 F.2d 603, 604 (4th Cir.1965).

2. The Trust correctly notes that Kelly did not, as required by *Bledsoe*, file her motion within sixty days of the date that the Neutral Third Party mailed her the Referee's decision. *See Bledsoe*, 197 B.R. at 555. However, Kelly's August 12, 1996 letter to the Trust, which clearly expressed her objection to the Referee's decision, was received by the Trust within the sixty-day period. In light of Kelly's *pro se* status, her prompt response to the Trust's August 28 letter, and some indication that Kelly's counsel may not have forwarded Kelly the Referee's decision, the Court finds that good cause exists to consider the merits of the untimely motion. *See id.*

3. Kelly states "I just don't understand how they can justifiably say that I am entitled to nothing. I don't think that I have been treated in a fair manner and I do not except [sic] the findings of their appointed arbitrator." Mot at 2.

ognized that "fairness [to the individual claimant] requires some form of relief from an ADR decision." *Bledsoe*, 197 B.R. at 554. This Court has also recognized, however, that fairness to the entire group of claimants requires that this avenue of relief be quite limited. *Id.* Accordingly, this Court in *Bledsoe* held that it will only review an ADR decision under the most "extreme circumstances" where a claimant can demonstrate "flagrant referee misconduct by clear and convincing evidence." *Id.* The Court noted in *Bledsoe* that one example of such misconduct is where a referee "brazenly refuses to abide by the ADR rules or makes plainly egregious and patently unfair procedural errors." *Id.* The Fourth Circuit has recently held that the standard for relief from ADR outlined by this Court in *Bledsoe* is not an unrealistic burden. *Bledsoe*, 112 F.3d at 162–63.

### III.

■ Kelly does not contend that the Referee refused to abide by the ADR rules or made plainly egregious and patently unfair procedural errors. The thrust of Kelly's complaint is that she disagrees with how the Referee viewed the evidence and is "totally dissatisfied" with his findings. In essence, Kelly seeks to have this Court review the findings of the Referee *de novo*. Under *Bledsoe*, Kelly is not entitled to such review. Indeed, that level of judicial scrutiny would "contravene the very goal of the ADR process—the efficient, fair, and final resolution of claims against the Trust." *Bledsoe*, 112 F.3d at 163.

■ With respect to Kelly's argument that her hearing was too short and that the Referee was not interested in her case, the Court finds that Kelly has failed to present clear and convincing evidence of flagrant referee misconduct. A showing that a referee is merely slothful or less than diligent is not sufficient to warrant relief from an ADR decision. *Bledsoe*, 197 B.R. at 554; *Smith–Kingcade*, 205 B.R. at 776–77.

### IV.

Having failed to present clear and convincing evidence of flagrant referee misconduct

or other extreme circumstances which would warrant relief from ADR, the Court must deny Kelly's Motion.

**DALKON SHIELD CLAIMANTS TRUST, Respondent.**