Q Don't get into what you talked about with counsel.

A Okay. Well, I can't make any more comments.

Q Without saying what you told to counsel or what counsel told to you, with respect to this transaction when it went down on behalf of the bank, the issue of fraudulent transfer was in your mind in connection with what occurred?

A It was in my mind?

Q Yeah.

A Indicating it could come from any source?

Q No, no. Indicating it could have come from any source, but it's a concern you had at that time?

A I don't think it was a concern. It was something that I can't say wasn't in mind from some source.

At best, this testimony shows that the question of fraudulent conveyance was considered by the Bank and that the Bank determined that under the facts of this case, that it could appropriately go forward with the loan. We do not find it unusual that the Bank would consider fraudulent conveyance issues in making loans of this type, but conclude that such considerations do not indicate a lack of good faith.

Accordingly, the Bank is entitled to summary judgment on the fraudulent conveyance counts of the Complaint.

### Conclusion

Having determined that the Bank is entitled to summary judgment on all counts of the Complaint, its Motion for Summary Judgment must be granted and the Debtor's Motion for Partial Summary Judgment must be refused. An appropriate Order will be entered.

### ORDER

This 8th day of January, 1998, in accordance with the accompanying opinion, it shall be, and hereby is, ORDERED as follows:

1. The Motion for Partial Summary Judgment filed by Erie Marine Enterprises, Inc. is REFUSED.

2. The Motion for Summary Judgment filed by Nationsbank, N.A. is GRANTED and the within Complaint is DISMISSED.

**In re A.H. ROBINS COMPANY, INCORPORATED, Debtor.**

**Employer's Tax Identification No. 54–0486348.**

**Robert A. LAMMERT, Movant,**

v.

**DALKON SHIELD CLAIMANTS TRUST, Respondent.**

**No. 85–01307–R.**

United States District Court, E.D. Virginia, Richmond Division.

Sept. 16, 1997.

Robert A. Lammert, Barrington, IL, pro se.

Melody G. Foster, Richmond, VA, for Dalkon Shield Claimants Trust.

## MEMORANDUM

MERHIGE, Senior District Judge.

This matter is before the Court on the motion of Dalkon Shield Claimant Robert A. Lammert ("Mr. Lammert") to set aside his alternative dispute resolution decision.[1] The

---

1. In a letter dated April 19, 1996, Mr. Lammert wrote to the Court seeking reversal of his ADR decision. Pursuant to *In re A.H. Robins Co.* *(Bledsoe v. Dalkon Shield Claimants Trust),* 197 B.R. 550 (E.D.Va.1995), *aff'd,* 112 F.3d 160 (4th Cir.1997), his letter was docketed on April 22,

Dalkon Shield Claimants Trust (the "Trust") opposes Mr. Lammert's motion. On September 10, 1997, the Court took evidence and heard argument on the motion. For the reasons which follow, the Court will DENY Mr. Lammert's motion.

## I.

Mr. Lammert is a non-user Dalkon Shield claimant who claims that he has suffered injuries as a result of his wife's ("Mrs. Lammert") use of the Dalkon Shield IUD. Mr. Lammert rejected the Trust's settlement offer and chose to resolve his claim through binding Alternative Dispute Resolution ("ADR"). Mr. Lammert's ADR hearing was held in Chicago, Illinois on February 6, 1996 before Referee Lynn P. Cohn. At the hearing, Mr. Lammert, who was represented by counsel,[2] presented evidence in support of his claim that Mrs. Lammert's use of the Dalkon Shield caused her pelvic inflammatory disease ("PID"), uncontrolled bleeding, infections, and an ectopic pregnancy resulting in permanent damage to her right fallopian tube. Mr. Lammert alleges significant personal injuries and financial losses as a result of Mrs. Lammert's injuries.

On February 13, 1996, Referee Cohn issued her written decision denying Mr. Lammert any compensation for his claimed injuries. Trust Ex. B. She found that while it was undisputed that Mrs. Lammert had used the Dalkon Shield, Mr. Lammert failed to meet his burden of proof as to his wife's injuries. *Id.* at 4–5.[3]

On March 24, 1996, Mr. Lammert wrote to the Trust requesting "a nullification of the

referee's decision" on the basis of "the referee's bias and vindictiveness against [him]." Trust Ex. C. Mr. Lammert requested that he be granted a new ADR hearing before a new referee, that Referee Cohn be removed from the ADR program, and that all of her past decisions be reviewed for bias, unreasonableness, and vindictiveness. *Id.* at 2.

The Trust responded to Mr. Lammert on April 12, 1996, advising him that he could obtain judicial relief under the standard articulated by this Court in *Bledsoe.* Trust Ex. D. Accordingly, on April 22, 11096, Mr. Lammert filed the instant motion seeking relief on the basis of referee misconduct. His specific grounds for relief are set forth in his March 24, 1996 letter to the Trust, which he attached as an exhibit to his motion. In that letter, Mr. Lammert alleges referee bias, contends that the decision "shows a total lack of reason," and suggests that his wife's substantial settlement from the Trust was relevant to his ADR case and should have been considered by Referee Cohn. Trust Ex. C.

On August 4, 1997, Mr. Lammert submitted his reply to the Trust's Response To His Motion To Set Aside His ADR Decision. In that letter, Mr. Lammert argues that Referee Cohn should have applied *In re A.H. Robins Co. (Reichel v. Dalkon Shield Claimants Trust),* 109 F.3d 965 (4th Cir.1997), to his case.[4] By failing to do so, Mr. Lammert contends that Referee Cohn erred and thus, he is entitled to a new hearing.

## II.

■ This Court has, on numerous occasions, articulated the high standard a movant

---

1996 as a Motion To Enforce The Plan And Set Aside The ADR Decision. Court notes that Mr. Lammert appears *pro se* and is mindful that courts must liberally construe the pleadings of *pro se* parties. *See Gordon v. Leeke,* 574 F.2d 1147, 1151–52 (4th Cir.) *cert. denied,* 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978); *Coleman v. Peyton,* 340 F.2d 603, 604 (4th Cir.1965).

2. Mr. Lammert states that he was represented by Abraham N. Goldman, Esq. at his ADR hearing. Mot. at 1. However, Mr. Lammert filed the present motion *pro se.*

3. Specifically, Referee Cohn found that Mrs. Lammert's "episodes of irregular bleeding during Dalkon Shield usage appear to be related to

[her] continued use of the birth control pill." Trust Ex. B at 4. Referee Cohn also noted that the lack of evidence of PID in various surgical and pathological reports "makes it impossible for this Referee to conclude that the ectopic pregnancy was most likely associated with PID and the Dalkon Shield rather than another cause." *Id.*

4. In *In re A.H. Robins Co. (Reichel v. Dalkon Shield Claimants Trust),* 109 F.3d 965 (4th Cir. 1997), the Court of Appeals held that § G.2 of the CRF creates in ADR a rebuttable presumption of causation in favor of a claimant upon proof that the claimant used a Dalkon Shield IUD and suffered an injury listed on Exhibit A to the CRF.

must satisfy in order to be entitled to relief from ADR. *E.g., In re A.H. Robins Co. (Goodman v. Dalkon Shield Claimants Trust)*, 209 B.R. 366 (E.D.Va.1997); *In re A.H. Robins Co. (Galarneau v. Dalkon Shield Claimants Trust)*, 201 B.R. 142 (E.D.Va.1996). It is well-settled that this Court will only review an ADR decision under the most "extreme circumstances" where a claimant can demonstrate "flagrant referee misconduct by clear and convincing evidence." *In re A.H. Robins Co. (Bledsoe v. Dalkon Shield Claimants Trust )*, 197 B.R. 550, 554 (E.D.Va.), *aff'd*, 112 F.3d 160 (4th Cir.1997). One example of such misconduct is where a referee "brazenly refuses to abide by the ADR rules or makes plainly egregious and patently unfair procedural errors." *Id.*

### III.

■ Mr. Lammert does not contend that Referee Cohn refused to abide by the ADR rules or made plainly egregious and patently unfair procedural errors. Instead, Mr. Lammert alleges that Referee Cohn's decision shows a lack of reason and can only be explained by her bias and vindictiveness. In support of these contentions, Mr. Lammert reviews the evidence presented at his ADR hearing which he contends proves that he is entitled to compensation.

The Court finds that Mr. Lammert has failed to present clear and convincing evidence to support his claim that Referee Cohn's decision was the product of either bias or vindictiveness. On the contrary, the evidence and record in this case reveal that Referee Cohn considered the evidence and found that Mr. Lammert failed to meet his threshold burden of proving that his wife's injuries were caused by the Dalkon Shield. The Referee's rejection of Mr. Lammert's position in favor of that of the Trust in no way suggests bias or vindictiveness on the part of a referee. *See Bledsoe*, 197 B.R. at 555 (referee's adoption of one party's position is not indicative of partiality or a lack of independence).

■ In the absence of clear evidence that Referee Cohn was biased, Mr. Lammert is not entitled to have this Court review the findings and conclusions of the referee. *E.g.,*

*Id.* at 554; *In re A.H. Robins Co. (Kelly v. Dalkon Shield Claimants Trust)*, 210 B.R. 697 (E.D.Va.1997); *In re A.H. Robins Co. (West & West v. Dalkon Shield Claimants Trust)*, 210 B.R. 699 (E.D.Va.1997). A motion under *Bledsoe* to set aside a referee's decision is not a vehicle whereby unsuccessful Dalkon Shield claimants may relitigate their ADR claims. "In the absence of a clear showing of flagrant referee misconduct, there is no second bite at the apple—a claimant's case ends with the decision of the referee." *West & West*, 210 B.R. at 702.

■ To the extent that Mr. Lammert argues that his wife's settlement of her claim with the Trust dictates that he too is entitled to compensation, he is plainly mistaken. This Court has addressed this precise issue in *In re A.H. Robins Co. (Dalkon Shield Claimants Trust v. Fleming)*, 197 B.R. 541 (E.D.Va.1995). There, this Court held that any information related to a wife's prior settlement offer "is inadmissible in ADR proceedings" under § G.4 of the CRF. *Id.* at 547. Accordingly, Mrs. Lammert's substantial settlement with the Trust was irrelevant in Mr. Lammert's ADR proceeding.

■ Finally, with respect to Mr. Lammert's argument that *In re A.H. Robins Co. (Reichel v. Dalkon Shield Claimants Trust )*, 109 F.3d 965 (4th Cir.1997), should have been applied to his case, the Court finds that here too Mr. Lammert is mistaken. Mr. Lammert's ADR hearing was held on February 6, 1996—one month before *Reichel* was argued before the Fourth Circuit and thirteen months before the decision was issued. There is no indication in the opinion that the Fourth Circuit intended its holding to apply retroactively. Absent a clear statement to the contrary, this Court holds that *Reichel* does not apply to ADR hearings that antedated the *Reichel* decision.

■ Even assuming, *arguendo,* that *Reichel* does apply to the case at bar, the Court finds that Mr. Lammert has failed to satisfy his burden of persuasion. Pursuant to *Reichel,* if a claimant has introduced sufficient evidence to prove that the woman involved used the Dalkon Shield and that her injury was an injury listed in Exhibit A, the

claimant is entitled to a presumption that the woman's injury was caused by the use of the Dalkon Shield. *Id.* at 968–69. This presumption of causation is, however, always subject to rebuttal. "[I]f evidence is introduced which would support a finding of the non–existence of cause of the injury by use of the Dalkon Shield, then the existence or non–existence, of causation is to be determined exactly as if no presumption had ever been applicable...." *Id.* at 969. The claimant bears the ultimate burden of persuasion at all times. *Id.*

In Mr. Lammert's case, Referee Cohn determined that Mr. Lammert had failed to meet his threshold burden of proving that his wife's injuries were caused by the Dalkon Shield and not another cause. As stated previously, absent clear evidence of referee misconduct, this Court will not review the findings and conclusions of the referee. The presumption of causation having been rebutted by the Trust, the Court finds that Mr. Lammert failed to satisfy his ultimate burden of persuasion as required under *Reichel.*

### IV.

Having failed to present clear and convincing evidence of flagrant referee misconduct or other extreme circumstances which would warrant relief from ADR, the Court will not disturb the decision of the Referee. Accordingly, the Court will DENY Mr. Lammert's motion and consider his claim against the Trust closed.

An appropriate Order shall issue.

### ORDER

This matter is before the Court on Movant Robert A. Lammert's Motion To Enforce The Plan And Set Aside The ADR Decision. Upon due consideration, for the reasons stated from the bench and in the Memorandum this day filed, and deeming it just and proper to do so, it is ADJUDGED and ORDERED that the Motion be, and the same is, hereby DENIED.

This is a final, appealable Order on Mr. Lammert's Motion. Mr. Lammert is notified that he has a right to appeal from this Order to the United States Court of Appeals for the Fourth Circuit. In order to appeal, he must, within thirty days of the date of this Order, file a notice of appeal together with a filing fee of $105.00 with the Clerk of this Court, 1000 East Main Street, Suite 307, Richmond, Virginia 23219. Failure to file a timely notice of appeal may result in Mr. Lammert losing his right of appeal.

Let the Clerk send a copy of this Order and the accompanying Memorandum to Movant Robert A. Lammert, 221 Oakdene Drive, Barrington, Illinois 60010; counsel for Movant, Abraham N. Goldman, Esq., Abraham N. Goldman & Associates, Post Office Box 120, 12896 Rices Crossing Road, Oregon House, California 95962; and to counsel for the Dalkon Shield Claimants Trust, Melody G. Foster, Post Office Box 1314, Richmond, Virginia 23210.