**J. Ferber COLEMAN, Appellant,**

v.

**Courtland C. PEYTON, Superintendent of the Virginia State Penitentiary, Appellee.**

No. 9642.

United States Court of Appeals Fourth Circuit.

Argued Jan. 5, 1965.

Decided Jan. 8, 1965.

---

**604**

Ronald P. Sokol, Charlottesville, Va. (Court-assigned counsel), for appellant.

Reno S. Harp, III, Asst. Atty. Gen. of Virginia (Robert Y. Button, Atty. Gen. of Virginia, on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and J. SPENCER BELL, Circuit Judges.

PER CURIAM.

This is an appeal from the district court's denial, without an evidential hearing, of the petitioner's pro se petition requesting an order commanding the prison officials of the Commonwealth of Virginia to cease and desist from interfering with his rights to use the United States mails. The prisoner's petition alleges in substance that the respondent has refused to mail his letters addressed to the N.A.A.C.P. and the Office of the Attorney General of the United States seeking legal assistance. In addition he asserts that some enclosures were extracted by prison authorities without his knowledge or approval from certain of his letters which were mailed. Finally, the petitioner claims that he "is being denied his right of access to the courts" and that he has been "subjected to personal reprisals" for seeking to acquire counsel to assert his rights under 42 U.S.C.A. § 1983 and 28 U.S.C.A. § 1343(3).

■■ Some of these allegations are concededly rather vague and general, and the petition contains no particularized statement of background facts and conduct. However, we feel that claims of legal substance should not be forfeited because of a failure to state them with technical precision. Brown v. Allen, 344 U.S. 443, 502, 73 S.Ct. 397, 97 L.Ed. 469 (1953) (separate opinion of Frankfurter, J.). Coleman's petition alleges nonfrivolous matters which, if true, entitle him to the requested equitable relief.

We think the district court should either offer the petitioner counsel to assist him in amending his petition or afford him an opportunity to particularize his allegations. The court may then consider whether the petition sufficiently supports its general allegations of nonfrivolous matters to justify an evidential hearing.

Vacated and remanded.