812 F.2d 1400
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles E. CHESSHER, Plaintiff-Appellant,
v.
Frank HALL, Secretary for Correctional Services; Arnold
Hopkins, Commissioner, D.O.C.; Howard Lyles, Warden,
Maryland Penitentiary; Barbara Welsh, PhD., Maryland
Pentitentiary; H.E. Rodgers, Supervisor of Class II,
Defendants-Appellees.
 No. 86-7678.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 30, 1987.
Decided Feb. 25, 1987.
 
 Before RUSSELL, ERVIN and CHAPMAN, Circuit Judges.
 Charles E. Chessher, appellant pro se.
 Richard M. Kastendieck, Office of the Attorney General, for appellees.
 PER CURIAM:
 
 
 1
 Charles E. Chessher, a Maryland inmate, brought this 42 U.S.C. Sec. 1983 action complaining of denial of psychiatric treatment. Requiring that Chessher allege that he had been denied treatment recommended by a physician, the district court dismissed his complaint without prejudice for failure to state a claim. We vacate the judgment of dismissal and remand for further development of the facts for the reasons set forth below.
 
 
 2
 Chessher alleges that he has tried to commit suicide, has requested treatment but has not received any, and has requested a transfer to a psychiatric institution but his request has been denied for disciplinary reasons. The "deliberate indifference" standard of Estelle v. Gamble, 429 U.S. 97 (1976), is applicable in evaluating the constitutional adequacy of psychiatric care provided by a prison. Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 763 (3d Cir.1979). There is a constitutional violation when inmates with serious mental illnesses are effectively prevented from being diagnosed and treated by qualified professionals. See id.
 
 
 3
 In Bowring v. Godwin, 551 F.2d 44 (4th Cir.1977), we held that an individual inmate
 
 
 4
 is entitled to psychological or psychiatric treatment if a physician or other health care provider, exercising ordinary skill and care at the time of observation, concludes with reasonable medical certainty (1) that the prisoner's symptoms evidence a serious disease or injury; (2) that such disease or injury is curable or may be substantially alleviated; and (3) that the potential for harm to the prisoner by reason of delay or the denial of care would be substantial.
 
 
 5
 Id. at 47. Bowring's complaint alleging denial of psychiatric care was dismissed by the district court for failure to state a claim. We reversed the district court because "[t]he starting point for a determination of whether [a prisoner] is entitled to treatment is an evidentiary hearing in the district court to determine if the prisoner is indeed suffering from a 'qualified' mental illness as we have defined it." Id. at 49. While we express no opinion on Chessher's medical condition or treatment, Chessher like Bowring is entitled to a determination of whether he is suffering from a "qualified" mental illness and would therefore be entitled to treatment.
 
 
 6
 Chessher's allegations are sufficient to call for an opportunity to offer supporting evidence. Cruz v. Beto, 405 U.S. 319 (1972); Conley v. Gibson, 355 U.S. 41, 45-46 (1957) ("a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"). Chessher claims that he has tried to commit suicide, that "nothing is being done" for him even though he needs and wants treatment, and that his request for a transfer to a psychiatric institution has been denied for punitive reasons. An inmate states a cause of action when he alleges that he is entitled to psychological treatment and this treatment has been denied. See Bowring, 551 F.2d at 48; Coleman v. Peyton, 340 F.2d 603, 604 (4th Cir.1965). The district court must determine whether Chessher, given the opportunity to offer supporting evidence, meets the Bowring standard and is, therefore, entitled to psychiatric treatment.
 
 
 7
 We vacate the judgment of dismissal and remand for further development of the facts. We dispense with oral argument as it would not significantly aid the decisional process.
 
 
 8
 VACATED AND REMANDED.