914 F.2d 1491
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Linwood J. HARDY, Plaintiff-Appellant,
v.
CITY OF RICHMOND, Fire Bureau, Stuart Circle Hospital, Hand
Management Specialists, Defendants-Appellees.
 No. 90-2619.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 20, 1990.
Decided Oct. 2, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, District Judge. (CA-89-626-R)
 Linwood J. Hardy, appellant pro se.
 G. Timothy Oksman, Norman Bernard Sales, City Attorney's Office, Richmond, Va., Patricia Michaelson Schwarzschild, David Ernest Boelzner, Hunton & Williams, Richmond, Va., Robert Sidney Brewbaker, Jr., Browder & Russell, Richmond, Va., for appellees.
 E.D.Va.
 AFFIRMED IN PART, VACATED IN PART AND REMANDED.
 Before K.K. HALL, MURNAGHAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Ex-firefighter Linwood J. Hardy appeals from the district court's dismissal of his Title VII and defamation suit against the City of Richmond (City), Stuart Circle Hospital, and Hand Management Specialists. Because the district court properly found both that Hardy may not maintain a Title VII action against defendants with whom he has no employment relationship and that his pendent defamation claims were time-barred under Virginia law, we affirm its dismissal of the claims against Stuart Circle Hospital and Hand Management Specialists. However, because the district court incorrectly dismissed Hardy's Title VII claim against the City because it believed Hardy's complaint was untimely filed, we vacate its dismissal of that claim.
 
 
 2
 Hardy was fired from his firefighting job with the City when he allegedly was discovered playing semi-professional football after previously claiming that he was unable to perform some of his job duties because of a work-related hand injury. He then filed a complaint with the EEOC. Hardy received a determination letter from the EEOC warning him that he had until October 9, 1989, to file suit in district court if he failed to appeal the EEOC's decision. Hardy filed suit on October 10, 1989. Therefore, the district court concluded that because Hardy failed to allege any exceptional circumstances of equitable tolling explaining his failure to meet the October 9 deadline, Hardy's failure to timely file deprived it of jurisdiction over the case.
 
 
 3
 Fed.R.Civ.P. 6(a) provides that when any filing is due on a legal holiday, the period for filing shall be extended to the next working day. Hardy was required to file suit by October 9, 1989, which was Columbus Day, a legal holiday pursuant to Rule 6(a). Under this rule, Hardy had until October 10, 1989--the day he filed--to bring his suit. Because the district court erred in dismissing Hardy's Title VII suit against the City as untimely, we vacate its dismissal of that claim and remand for further proceedings consistent with this opinion.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 4
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 
 
 
 *
 The district court may, within its discretion, order Hardy to particularize his Title VII allegations prior to consideration of the issues presented. See Coleman v. Peyton, 340 F.2d 603, 604 (4th Cir.1965)