9 F.3d 1543
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John R. CAMERON, Plaintiff-Appellant,
v.
MRDCC INSTITUTE, Defendant-Appellee.
 No. 93-6871.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 25, 1993.
Decided Nov. 24, 1993.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore, No. CA-93-2233; Benson E. Legg, District Judge.
 John R. Cameron, Pro Se.
 D.Md.
 VACATED AND REMANDED.
 Before HALL, PHILLIPS, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Maryland inmate John Cameron appeals from the district court's order dismissing his civil rights complaint under 28 U.S.C. § 1915(d) (1988) because it was filed outside the statute of limitations. We find that Cameron may be entitled to tolling of the statute of limitations. Consequently, we vacate the district court's order and remand the action for further proceedings consistent with this opinion.
 
 
 2
 Pursuant to 42 U.S.C. § 1983 (1988), Cameron filed this action on August 2, 1993, seeking damages for injuries he sustained when he was stabbed in the eye by another inmate on September 13, 1986. He alleges that the stabbing occurred when the guard on duty had left his post. Cameron further states that he has a "mental disorder" and that he has suffered from paranoia since his eye surgery. The district court dismissed the complaint under 28 U.S.C. § 1915(d) as barred by the statute of limitations.
 
 
 3
 There is no federal statute of limitations for § 1983 actions; the state statute of limitations for personal injury applies. Wilson v. Garcia, 471 U.S. 261, 280 (1985); Burnett v. Grattan, 468 U.S. 42, 49 (1984). Because the alleged denials in this case occurred in Maryland, Maryland's general three-year statute of limitations for civil actions applies. Md.Cts. & Jud.Proc.Code Ann. § 5-101 (Supp.1993). Maryland law allows the tolling of the statute of limitations for individuals who are mentally incompetent. Md.Cts. & Jud.Proc.Code Ann. § 5-201 (1989). A person is deemed mentally incompetent for purposes of tolling the statute "when the disability is of such a nature as to show him unable to manage his business affairs or estate, or to comprehend his legal rights or liabilities." Decker v. Fink, 422 A.2d 389, 392 (Md.Ct.Spec.App.1980). Such a claimant must "file his action within the lesser of three years or the applicable period of limitations after the date the disability is removed." Md.Cts. & Jud.Proc.Code Ann. § 5-201(a) (1989).
 
 
 4
 It is unclear from Cameron's complaint whether his alleged mental disorder would toll the statute of limitations for filing his civil rights action. However, if a pro se complaint contains a potentially cognizable claim, the plaintiff should be given an opportunity to particularize the claim. Coleman v. Peyton, 340 F.2d 603, 604 (4th Cir.1965). Therefore, we vacate the district court's order dismissing Cameron's complaint and remand the action to enable Cameron to particularize his claim concerning his mental disorder. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 VACATED AND REMANDED.