In re A.H. ROBINS COMPANY, INC., Debtor, Employer Tax Identification No. 54–0486348.

Rita E. TOWER, Movant,

v.

DALKON SHIELD CLAIMANTS TRUST, Respondent.

No. 84–01307–R.

United States District Court, E.D. Virginia, Richmond Division.

March 29, 1994.

Rita E. Tower, Alexandria, Virginia, pro se.

Orran Lee Brown, Richmond, Virginia, for Dalkon Shield Claimants Trust.

### MEMORANDUM

MERHIGE, District Judge.

This matter is before the Court on motion by Dalkon Shield Claimant **Rita E. Tower, DS–310197,** to vacate the decision of the arbitrator in her Fast–Track Arbitration. Tower, who is proceeding *pro se*, styles her motion "Notice to Vacate." For reasons which follow, the Court denies her motion.

Tower is a timely Option 3 claimant who agreed in May, 1993, to submit to binding Fast–Track Arbitration. The arbitrator found that Tower was not entitled to an award of damages because she had failed to show that the Dalkon Shield had caused her injuries. The Arbitrator stated:

> The medical record does not show the date or manner of the removal of the Dalkon Shield nor does it relate the problems experienced by Ms. Tower to the shield in any way. No additional evidence was presented by Ms. Tower substantiating the relationship of her symptoms and injuries to the shield. The Trust presented medical literature which describes alternative causations for the injuries reported by Ms. Tower.
>
> . . . .
>
> The Claimant has not proved a causal relationship between the presence of the Dalkon Shield and her claimed injuries. Having failed to meet her burden of proof, the Claimant is not entitled to an award from the Dalkon Shield Trust.

Arbitrator's Decision in the Matter of Rita E. Tower v. Dalkon Shield Claimants Trust, Case No. 310197, October 10, 1993, found at Notice to Vacate, unnumbered Exhibit.

Tower contends that the Court should set aside the Arbitrator's decision because: (1)

The arbitrator failed to take into account the fact that the Trust had made an offer of settlement to Tower; and (2) Her medical records, on which the arbitrator relied, are in error.

Rule XIV.B of the Trust's Rules Governing Fast–Track Arbitration gives four grounds for vacating an arbitration award:

1. The award was procured by corruption, fraud, or undue means.

2. The arbitrator was biased or corrupt.

3. The arbitrator was guilty of abuse of discretion in refusing to postpone the hearing, refusing to admit competent and relevant evidence, or engaging in misconduct that prejudiced the moving party.

4. The arbitrator exceeded his or her powers, or so exercised them such that he or she failed to make a final, definite, and unambiguous award.

Rule XIV.F states that these grounds are to be interpreted consistently with identical provisions in the Federal Arbitration Act, 9 U.S.C. sections 9–13.

██ The standard of review for arbitration decisions is extremely deferential. *Upshur Coals Corp. v. UMWA, Dist. 31,* 933 F.2d 225, 228 (4th Cir.1991). Courts may vacate the award only upon a showing of one of the grounds listed in the Arbitration Act, or if the arbitrator acted in manifest disregard of the law. *See Wilko v. Swan,* 346 U.S. 427, 436–37, 74 S.Ct. 182, 187–88, 98 L.Ed. 168 (1953): *Upshur,* 933 F.2d at 229; *Transit Cas. Co. v. Trenwick Reinsurance Co., Ltd.,* 659 F.Supp. 1346 (S.D.N.Y.1987), *affirmed* 841 F.2d 1117. (2nd Cir.1988). An arbitration decision is enforceable even when based on misinterpretation of the law, faulty legal reasoning, or erroneous legal conclusions, and may be reversed only when the arbitrator correctly understands and states the law but proceeds to disregard it. *Upshur,* 933 F.2d at 229.

██ Because Tower is proceeding *pro se,* this Court gives a generous and liberal reading to her pleading. *See Gordon v. Leeke,* 574 F.2d 1147, 1151–52 (4th Cir.) *cert. denied,* 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978) (courts must liberally construe *pro se* complaints); *Coleman v. Peyton,* 340 F.2d 603, 604 (4th Cir.1965) (same). Tower's claim that the arbitrator failed to consider the Trust's settlement offer can be fairly read as an invocation of Rule XIV.B.3. That is, Tower contends that the arbitrator "was guilty of abuse of discretion in ... refusing to admit competent and relevant evidence" of the settlement offer. This contention fails because evidence of the settlement offer is neither competent nor relevant.

██ Prior to entering settlement discussion, Tower agreed in writing that all settlement communications "are in the nature of settlement discussions," that "such communications shall be treated as confidential," and that "such communications are inadmissible into evidence and are without prejudice to either parties' [sic] position in any subsequent proceeding." Confidentiality Agreement, executed by Rita Tower and Trust representative, Jan. 12, 1993, found at Response, Exhibit B. Pursuant to this agreement Tower may not use the settlement offer in arbitration.[1]

Even if Tower could use the settlement offer in arbitration, it would not be relevant to the question of causation. Whether the Dalkon Shield caused Tower's injuries is in no way affected by the Trust's position years later in a settlement conference.

██ Tower's second contention is that her medical records, on which the arbitrator relied, are wrong. This contention invokes none of the grounds for vacating an arbitrator's decision under Rule XIV.B, nor does it amount to a claim that the arbitrator acted in manifest disregard of the law. This contention is nothing more than a bald assertion

---

1. The Court recognizes that Ms. Tower has breached her confidentiality agreement with the Trust by using settlement information in her pleading to this Court, and by attempting to use settlement information in the arbitration proceeding. The Court also recognizes that Ms. Tower, proceeding *pro se,* might not realize the seriousness of her breach. The Court admonishes her that she is bound by each and every term in her confidentiality agreement with the Trust, and that this Court has the power to enforce that agreement.

that Tower's view of the facts is right and the arbitrator's view is wrong.

This Court rejected a similar contention in the matter styled *Carolyn C. O'Connor v. Dalkon Shield Claimants Trust,* Docket No. 15667, 158 B.R. 640 (Bkrtcy.E.D.Va.1993). In *O'Connor* a claimant challenged a regular[2] arbitration decision on the basis, *inter alia,* that the arbitrator was wrong in finding the evidence of causation to be insufficient. The Court held that the claimant's bald assertion that her causation evidence was sufficient did not present competent grounds on which to vacate an arbitrator's decision. *Id.,* at 642–43. As in *O'Connor,* Tower's contention that the arbitrator's factual finding is wrong fails because it does not present competent grounds to vacate the arbitrator's decision.

For the reasons stated herein, the Court denies Tower's motion to vacate the arbitrator's decision.

**2.** The provisions pertinent to vacating an arbitrator's decision are identical under the Rules Governing Fast–Track Arbitration and the Rules Governing Regular Arbitration.