**In re A.H. ROBINS COMPANY, INCORPORATED, Debtor.**

**Employer's Tax Identification No. 54–0486348.**

**Joe L. BARNES, Movant,**

v.

**BRELAND INSURANCE TRUST, Respondent.**

**No. 85–01307–R.**

United States District Court, E.D. Virginia, Richmond Division.

March 25, 1997.

Joe L. Barnes, Las Vegas, NV, pro se.

Melody G. Foster, Richmond, VA, for Dalkon Shield Claimants Trust.

*MEMORANDUM*

MERHIGE, District Judge.

This matter is before the Court on Movant Joe L. Barnes' ("Barnes") Motion To Enforce

The Plan And Set Aside The ADR Decision.[1] The Breland Insurance Trust ("Breland Trust") opposes Barnes' Motion. The parties have declined to be heard on the Motion and the matter is ripe for disposition. For the reasons which follow, the Court will deny the Motion.

## I.

Barnes is a Breland claimant who claims that he has suffered injury as a result of his wife's use of the Dalkon Shield. Barnes rejected the Breland Trust's settlement offer and chose to resolve his claim through binding Alternative Dispute Resolution ("ADR"). In electing ADR, Barnes and a Breland Trust representative signed a "Rejection of Offer and Agreement to Proceed with Alternative Dispute Resolution" which provided in pertinent part:

I understand that the ADR process on my claim shall be conducted as provided in the Second Amended Rules Governing Alternative Dispute Resolution (Rules), which are attached and incorporated into this Agreement, and which I have read, understand and agree to follow. I further agree that each reference in the Rules to the Trust shall mean the Breland Trust.

I understand that the decision of the referee in ADR is final and binding and the award the referee makes, if any, will be full and final payment of my claim.

Resp. Ex. A.

Rule 8 of the Second Amended Rules Governing Alternative Dispute Resolution ("the ADR Rules") provides:

No later than 20 calendar days prior to the ADR hearing date, the parties shall file with the referee and serve on each other ... complete copies of all documents that they intend to present as evidence at the ADR hearing.... **The referee shall exclude from the ADR hearing any ... documents not timely exchanged.**

ADR Rule 8 (emphasis in original). The ADR Rules also provide:

At the ADR hearing, both the claimant and the Trust may first present opening statements.

ADR Rule 12.F.2.

Prior to the hearing, Barnes submitted several exhibits pursuant to ADR Rule 8. Barnes did not, however, submit an April 23, 1990 newspaper article from the Las Vegas Review–Journal titled "IUD Case Changes Family" ("the Article"). Resp. Ex. B. At the ADR hearing, the Referee, upon objection of the Breland Trust, did not permit Barnes to read the Article as part of his opening statement. Barnes was permitted, however, to proceed with the remainder of his opening statement. The hearing then continued with Barnes and the Breland Trust introducing their respective evidence.

On July 7, 1996, the Referee issued his written decision denying Barnes any compensation. The Referee concluded:

The medical records do not support the Claimant's burden of showing injury caused by the Dalkon Shield. Claimant has failed to [meet] the burden of proving the injury to his wife was caused [by] the Dalkon Shield. An Award is entered denying any sums for damages to Claimant.

Resp. Ex. D.

Barnes has filed the instant Motion seeking relief from the Referee's decision. In support of his Motion, Barnes argues that the Referee did not allow him the opportunity to read his opening statement, and that the preponderance of the evidence showed that his wife was injured by the Dalkon Shield.

## II.

Neither the Plan nor the ADR Rules expressly provide for any relief from a referee's

---

1. Barnes wrote to the Court on August 2, 1996 seeking reversal of the ADR decision. This Court has previously stated that when a claimant seeks relief from an ADR decision, the Court will treat the motion as a Motion To Enforce The Plan And Set Aside The ADR Decision. *See In re A.H. Robins Co. (Bledsoe v. Dalkon Shield Claimants Trust)*, 197 B.R. 550 (E.D.Va.1995), *appeal docketed*, No. 95–2662 (4th Cir.1995) [hereinafter *Bledsoe*]. The Court also notes that Barnes appears *pro se* and is mindful that courts must liberally construe the pleadings of *pro se* parties. *See Gordon v. Leeke*, 574 F.2d 1147, 1151–52 (4th Cir.), *cert. denied*, 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978); *Coleman v. Peyton*, 340 F.2d 603, 604 (4th Cir.1965).

decision. Nevertheless, this Court has recognized that "fairness [to the individual claimant] requires some form of relief from an ADR decision." *Bledsoe,* 197 B.R. at 554. This Court has also recognized, however, that fairness to the entire group of claimants requires that this avenue of relief be quite limited. *Id.* Accordingly, this Court in Bledsoe held that it will only review an ADR decision under the most "extreme circumstances" where a claimant can demonstrate "flagrant referee misconduct by clear and convincing evidence." *Id.* The Court noted in *Bledsoe* that one example of such misconduct is where a referee "brazenly refuses to abide by the ADR rules or makes plainly egregious and patently unfair procedural errors." *Id.; see also In re A.H. Robins Co. (Galarneau v. Dalkon Shield Claimants Trust),* 201 B.R. 142, 145 (E.D.Va.1996) (discussing relief from ADR); *In re A.H. Robins Co. (Smith–Barnes v. Dalkon Shield Claimants Trust),* Docket No. 29891 (E.D.Va. Mar. 10, 1997).

### III.

■ The Referee's refusal to permit Barnes to read the Article does not provide Barnes with grounds for relief from the ADR decision. Indeed, in light of the fact that Barnes did not provide the Breland Trust with a copy of the Article prior to the hearing, the Referee's exclusion of this evidence was required by ADR Rule 8.[2] The record reflects that, following the objection, Barnes was permitted to read the remainder of his opening statement. Resp. Ex. C ¶ 4. The Referee therefore did not violate ADR Rule 12.F.2. Finally, to the extent that Barnes argues that the preponderance of the evidence showed that his wife suffered an injury related to the Dalkon Shield, the Court notes that this is not a proper basis for the Court to vacate the decision of the Referee. *See Bledsoe,* 197 B.R. 550.

### IV.

The Court finds that Barnes has failed to satisfy his burden of showing by clear and convincing evidence that the Referee in this case refused to abide by the ADR Rules or otherwise made plainly egregious and patently unfair procedural errors. Accordingly, Barnes' Motion will be denied.

---

**2.** The Court notes that while in formal court proceedings opening statements are not considered evidence, in this case, Barnes was not making argument, but attempting to introduce the contents of the Article as substantive evidence. Accordingly, ADR Rule 8 is applicable.