In re A.H. ROBINS COMPANY,
INCORPORATED, Debtor.

Employer's Tax Identification
No. 54–0486348.

Dr. A. UDUGAMPOLA, J.P., Movant,

v.

DALKON SHIELD CLAIMANTS
TRUST, Respondent.

No. 85–01307–R.

United States District Court,
E.D. Virginia,
Richmond Division.

April 30, 1998.

Dr. A. Udugampola, J.P., Pannipitiya, Sri Lanka, Pro se.

Melody G. Foster, Richmond, VA, Counsel for Dalkon Shield Claimants Trust.

## ORDER

MERHIGE, District Judge.

■ This matter is before the Court on the Motion of Dalkon Shield Claimant Dr. A. Udugampola, J.P.[1] for additional compensation from the Dalkon Shield Claimants Trust ("Trust") for injuries to his deceased wife which Dr. Udugampola attributes to the Dalkon Shield IUD. For the reasons which follow, the Court will DENY the motion.

After perfecting a claim in the Robins bankruptcy proceeding, Dr. Udugampola elected to resolve his Dalkon Shield Claim under Option 1 of the Claims Resolution Facility ("CRF") by signing a "Non–User Claimant's Election to be Paid Under Option 1 and General Release of Claim." In doing so, he accepted the Trust's $300.00 payment to him "as full settlement and as valuable consideration for the release of any and all claims" he had against anyone arising out of his wife's use of the Dalkon Shield intrauterine device. *See* Option 1 Release, ¶ 2 (attached as Ex. B to the Trust's Resp.). The Trust sent Dr. Udugampola a check for $300.00 which he endorsed and cashed as evidenced in Exhibit B to the Trust's Response. When he endorsed the check, Dr. Udugampola acknowledged: "I have read

---

1. In an undated letter, Dr. Udugampola wrote to the Court asking for additional compensation on his Dalkon Shield Claim. His letter was docketed on March 18, 1997, as a Motion For Relief From Release. The Court notes that Dr. Udugampola appears *pro se* and is mindful that courts must liberally construe the pleadings of *pro se* parties. *See Gordon v. Leeke,* 574 F.2d 1147, 1151–52 (4th Cir.) *cert. denied,* 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978); *Coleman v. Peyton,* 340 F.2d 603, 604 (4th Cir.1965).

and executed the release agreement regarding my Dalkon Shield claim and hereby accept this payment in full and final settlement of my Dalkon Shield Claim and in accordance with the terms of such release."

Dr. Udugampola says that he settled under Option 1 because it was "the easiest and convenient" and because his wife's medical records had been "damaged". He then describes his unfortunate medical and financial situation and asks the Court to award him $100,000.00.[2] These circumstances do not justify repudiation of a valid and binding contract. *See Coleson v. Inspector General,* 721 F.Supp. 763, 768 (E.D.Va. 1989). Dr. Udugampola knowingly and voluntarily entered into an agreement with the Trust to release his Dalkon Shield Claim for payment of $300.00. He acknowledges that he chose this course because it was quick and easy and because he lacked proof that his wife used and was injured by the Dalkon Shield. His changed or deteriorating personal situation since agreeing to release his Dalkon Shield Claim is simply irrelevant to a determination of the validity of the contract.

Accordingly, upon due consideration, for the reasons stated herein, and deeming it just and proper so to do, it is ADJUDGED and ORDERED that the Motion be, and the same is, hereby DENIED.

This is a final, appealable Order on Dr. Udugampola's Motion. Mr. Udugampola is notified that he has a right to appeal from this Order to the United States Court of Appeals for the Fourth Circuit. In order to appeal, he must, within thirty days of the date of this Order, file a notice of appeal together with a filing fee of $105.00 with the Clerk of this Court, 1000 East Main Street, Suite 307, Richmond, Virginia 23219. Failure to file a timely notice of appeal may result in Dr. Udugampola losing his right of appeal.

Let the Clerk send a copy of this Order to the Movant, Dr. A. Udugampola, J.P., 484/17

De Silva Place, High Level Road, Pannipitiya, Sri Lanka; and to counsel for the Dalkon Shield Claimants Trust, Melody G. Foster, Post Office Box 1314, Richmond, Virginia 23218.

---

2. Dr. Udugampola also asks for additional compensation for his sons, Champaka, Sunil, and Prasad, who each also settled under Option 1. Dr. Udugampola has no standing to seek additional compensation on their behalf as they are all of majority age and capable of seeking relief on their own. However, for the reasons stated in this Order, any such motion by any of them would likely be denied on the merits absent evidence that the Releases were not entered into knowingly and voluntarily.