**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

THOMAS THOMPSON,
<u>Plaintiff-Appellant,</u>

v.

LAMBERT ECHOLS, Jail Administrator,
Marion County Jail/Correctional

No. 99-6304

Center; CHUCK STEVENS; DALLIS
SICKLES, Correctional Officers,
Marion County Jail/Correctional
Center, in their individual and
official capacities,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, District Judge.
(CA-98-168-1)

Submitted: July 27, 1999

Decided: September 15, 1999

Before ERVIN, NIEMEYER, and MOTZ, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas Thompson, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Thomas Thompson appeals the district court's orders dismissing his 42 U.S.C.A. § 1983 (West Supp. 1999) complaint alleging defendants failed to protect him from four other inmates while he was incarcerated at the Marion County Jail and seeking damages and declaratory and injunctive relief.* Along with his complaint, Thompson submitted an affidavit sworn to by a former fellow prisoner asserting that Defendant Sickles encouraged the inmates to attack Thompson and that Defendant Stevens declined to move him to protective custody until after he suffered a second beating. The district court dismissed the claims for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C.A. § 1915A(b) (West 1999) and 42 U.S.C.A. § 1997e(c)(1) (West Supp. 1999). Unaware of the dismissal order, Thompson submitted a second affidavit received by the clerk three days following entry of the court's final order. Sworn to by one of the prisoners who admits to attacking Thompson, the prisoner asserts that he and the other assailants beat Thompson at the request of all three Defendants who promised them a transfer from the overcrowded jail in exchange for their cooperation. The district court ordered the affidavit filed and, presumably pursuant to Fed. R. Civ. P. 59(e), reconsidered its decision in light of the new information. Upon reconsideration, the court reaffirmed that Thompson failed to state a claim because his injuries were de minimis. We find that Thompson has timely appealed both orders.

We review dismissals for failure to state a claim de novo. See Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). Dismissal for failure to state a claim is inappropriate unless it appears

_____

*We note that Thompson's claims for declaratory and injunctive relief are now moot because he has been transferred to another correctional facility.

2

beyond doubt that the plaintiff can prove no set of facts to support his allegations. See Revene v. Charles County Commrs , 882 F.2d 870, 872 (4th Cir. 1989). Thus, when considering dismissal, a court accepts the factual allegations in the complaint as true and affords the plaintiff the benefit of all reasonable inferences that can be drawn from the allegations. See Mylan Labs., 7 F.3d at 1134.

However inartfully pleaded by a pro se plaintiff, allegations are sufficient to call for an opportunity to offer supporting evidence unless it is beyond doubt that the plaintiff can prove no set of facts entitling him to relief. See Cruz v. Beto, 405 U.S. 319 (1972). While a court is not expected to develop tangential claims from scant assertions in a complaint, if a pro se complaint contains potentially cognizable claims, a plaintiff should be allowed to particularize these claims. See Beaudett v. City of Hampton, 775 F.2d 1274 (4th Cir. 1985); Coleman v. Peyton, 340 F.2d 603, 604 (4th Cir. 1965). Because the extent of Thompson's injuries are unclear from the complaint and attachments and because the complaint contains potentially cognizable claims, we conclude the district court should have provided Thompson with an opportunity to particularize his claims.

Accordingly, we vacate both district court orders and remand the matter for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

3