**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

EFREM O. LABOKE; EUNICE LABOKE,
Plaintiffs-Appellants,

v.

CITY OF FAIRMONT; CITY OF FAIRMONT
POLICE DEPARTMENT, its agents and

officers; AMY HAYES; TED OFFUT,
Officer; WILLIAM COLE, Officer;
PATRICK RETTON, Officer; JOSEPH
MERIDINO, Officer, in their official
and individual capacities,
Defendants-Appellees.

No. 99-2073

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, District Judge.
(CA-98-8-1)

Submitted: February 8, 2000

Decided: March 10, 2000

Before MURNAGHAN and MOTZ, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

Keith L. Wheaton, Martinsburg, West Virginia, for Appellants. Timothy R. Miley, THE LAW OFFICES OF THOMAS G. STEELE,
Clarksburg, West Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Efrem and Eunice Laboke appeal the district court's sua sponte dismissal with prejudice of their pro se civil complaint against the City of Fairmont, West Virginia, its police department, four individual police officers in their official and individual capacities, and a meter attendant employed by the City in her official and individual capacities.

Before a district court dismisses a complaint sua sponte in the early stages of a case, "the plaintiffs are entitled to the court's most liberal reading of the allegations" in that complaint. Crosby v. Holsinger, 816 F.2d 162, 163 (4th Cir. 1987). When a complaint is broad in nature, the court should use pretrial conference, discovery, and/or summary judgment to define the issues, not dismissal for failure to state a claim. See Bolding v. Holshouser, 575 F.2d 461 (4th Cir. 1978).

The complaint in this case, while inartfully pleaded, alleged Mr. Laboke was physically assaulted by the individually named officers on January 18, 1996, in the city of Fairmont, West Virginia. It further alleged Mrs. Laboke was verbally and physically assaulted by the chief of police. While the complaint did not allege violation of a particular statute, it did allege the officers, acting under color of state law, violated the Labokes' "Civil and Human Rights," constitutional right of due process, and the "laws of the State of West Virginia, Civil Rights Act, and Human Rights Act."

The district court correctly dismissed the claims against the City of Fairmont, the police department, and the officers in their official capacities based upon the Labokes' failure to establish a pattern or custom of using excessive force. See Carter v. Morris, 164 F.3d 215, 218 (4th Cir. 1999). We therefore affirm the district court's order as to those claims. However, because a pattern or custom of using exces-

2

sive force is not a requirement for a claim of use of excessive force against individual officers under § 1983, see Rowland v. Perry, 41 F.3d 167, 173 (4th Cir. 1994),* we conclude these claims were improperly dismissed. We therefore vacate the district court's order insofar as it dismisses the claims against the five officers in their individual capacities and remand to allow the Labokes an opportunity to clarify these potentially cognizable claims and for further proceedings as required. See Coleman v. Peyton, 340 F.2d 603 (4th Cir. 1965). We express no opinion as to the merits of the Labokes' claims of excessive force.

We find, however, that the Labokes' claims of verbal harassment without an allegation of harm flowing therefrom fail to state a constitutional claim, see Cole v. Cole, 633 F.2d 1083, 1091 (4th Cir. 1980), and therefore affirm the district court's dismissal of those claims against the individual officers.

Because the Labokes do not challenge the district court's grant of Appellees' motion in limine, we also affirm the district court's order denying the motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED

_____

*The specific inquiry in an excessive force case "is whether a reasonable officer could have believed that the use of force alleged was objectively reasonable in light of the circumstances." Perry, 41 F.3d at 173.

3