# UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

WARDELL HOPKINS,
　　　　　　*Plaintiff-Appellant,*

v.

BUTLER TECHNOLOGY SOLUTIONS,
　　　　　　*Defendant-Appellee.*

No. 01-2124

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CA-01-557-5-H-2)

Submitted: March 12, 2002

Decided: April 22, 2002

Before LUTTIG, WILLIAMS, and TRAXLER, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

## COUNSEL

Wardell Hopkins, Appellant Pro Se. J. William Blue, Jr., NORTHER BLUE, L.L.P., Chapel Hill, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Wardell Hopkins filed a complaint pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 1994 & Supp. 2001), alleging racial and age discrimination. Hopkins appeals from the district court's order dismissing his civil rights action as frivolous under 28 U.S.C.A. § 1915(e)(2)(B)(i) (West Supp. 2001).

The district court dismissed the claims as frivolous under § 1915(e) based on Hopkins' failure to allege certain facts and to support his claims with evidence. Because Hopkins may be able to particularize his complaint to state non-frivolous claims arising from the events described in the complaint, *see Coleman v. Peyton*, 340 F.2d 603, 604 (4th Cir. 1965), we vacate the district court's judgment and remand the case to permit Hopkins the opportunity to particularize his complaint.* In so doing, we express no opinion whether Hopkins' complaint, as particularized, can pass muster under § 1915(e) or whether an amended complaint can survive a motion to dismiss or for summary judgment. Likewise, this disposition indicates no view of the merits of Hopkins' claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

*We note dismissing Hopkins' complaint without prejudice would be ineffective in this case because Title VII restricts Hopkins' filing time to 90 days after receipt of the right to sue notice and that time has now expired. *See* 42 U.S.C.A. § 2000e-5(f)(1) (West 1994 & Supp. 2001).