**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-6468

GARY SWEETING,

Plaintiff - Appellant,

versus

SHERWOOD R. MCCABE, Correctional Administrator
at Harnett Correctional Institution; JERRY
MCQUEEN, Screening Officer at Harnett
Correctional Institution; NORMA WOOD, Case
Worker/Manager at Harnett Correctional
Institution; J. BAKER WILLIAMS, D.O.C.
Resolution Board Examiner; GEROTHA R. SPAIN,
D.O.C. Resolution Board Examiner; RON
MIRIELLO, Vice President for Education and
Student Support Services; DANIEL THOMAS,
Education Director for Central Carolina
Community College (CCCC) at HCI,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh. Terrence W. Boyle,
District Judge. (CA-05-13-5-BO)

Submitted: August 3, 2005          Decided: August 17, 2005

Before MICHAEL and KING, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Gary Sweeting, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Gary Sweeting appeals the district court's order denying relief on his 42 U.S.C. § 1983 (2000) complaint under 28 U.S.C. § 1915(e)(2) (2000). We have reviewed the record and find that this appeal is frivolous. Accordingly, we affirm on the reasoning of the district court.[*] See Sweeting v. McCabe, No. CA-05-13-5-BO (E.D.N.C. Mar. 7, 2005). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*]In addition to seeking review of the district court's dismissal of his complaint, Sweeting also asserts on appeal that he was not provided with the opportunity to amend his pleading, as requested in his complaint. Generally, a pro se litigant's pleadings should be construed liberally to avoid inequity and the complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Leave to amend a complaint "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), although the decision to grant leave rests within the sound discretion of the district court. Medigen of Ky., Inc. v. Pub. Serv. Comm'n of W.Va., 985 F.2d 164, 167-68 (4th Cir. 1993). If a pro se complaint contains a potentially cognizable claim, the plaintiff should be given an opportunity to particularize his allegations. See Coleman v. Peyton, 340 F.2d 603, 604 (4th Cir. 1965) (per curiam). Because Sweeting failed to state a potentially cognizable claim, the district court did not err when it denied Sweeting the opportunity to particularize or amend his complaint.