**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-7586**

JOSE D. BONILLA,

                    Plaintiff – Appellant,

          v.

LARRY HUFFMAN, Regional Director; L. HAYDEN, Officer; W. R.
HENSLEY, Hearing Officer,

                    Defendants – Appellees.

Appeal from the United States District Court for the Western
District of Virginia, at Roanoke.   Glen E. Conrad, District
Judge.  (7:09-cv-00342-gec-mfu)

Submitted:  December 29, 2009        Decided:  January 19, 2010

Before MICHAEL, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jose D. Bonilla, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose D. Bonilla appeals the district court's order dismissing his 42 U.S.C. § 1983 (2006) civil rights action as frivolous under 28 U.S.C. § 1915A(b)(1) (2006). We have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court.[*] <u>Bonilla v. Huffman</u>, No. 7:09-cv-00342-gec-mfu (W.D. Va. Aug. 12, 2009). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

[*] In addition to seeking review of the district court's dismissal of his complaint, Bonilla also asserts on appeal that he was not afforded the opportunity to amend the complaint. Generally, a pro se litigant's pleadings should be construed liberally to avoid inequity. <u>See</u> <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir. 1978). If a pro se complaint contains a potentially cognizable claim, the plaintiff should be given an opportunity to particularize his allegations. <u>See</u> <u>Coleman v. Peyton</u>, 340 F.2d 603, 604 (4th Cir. 1965) (per curiam). Because Bonilla's allegations fail to give rise to a potentially cognizable claim under § 1983, the district court did not err in denying Bonilla the opportunity to amend his complaint prior to dismissing it.