**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-8104**

RONALD L. COSNER,

    Plaintiff – Appellant,

  v.

B.  DODT,  Nurse  Practitioner  at  Powhatan  Medical  Unit;
RONALD TONEY, Doctor and Medical Director in the P.M.U.,

    Defendants - Appellees.

Appeal  from  the  United  States  District  Court  for  the  Eastern
District  of  Virginia,  at  Alexandria.    Leonie  M.  Brinkema,
District Judge.  (1:12-cv-01366-LMB-TRJ)

Submitted:  April 19, 2013    Decided:  April 30, 2013

Before WILKINSON, KING, and AGEE, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Ronald L. Cosner, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald L. Cosner appeals from the district court's order dismissing with prejudice his 42 U.S.C. § 1983 (2006) suit pursuant to 28 U.S.C. § 1915A (2006). Cosner's complaint raised a claim of deliberate indifference to his serious medical needs, based upon the Defendants' treatment of his condition following his attempted suicide by swallowing a sharp, plastic knife. Because we conclude that Cosner may be able to state a plausible claim, we vacate and remand for further proceedings.

The statutory screening provision of the PLRA directs a district court to conduct an early review of any action filed by a prisoner against "a governmental entity or officer or employee of a governmental entity" and to dismiss any claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). We review de novo a district court's § 1915A dismissal for failure to state a claim. Slade v. Hampton Rds. Reg'l Jail, 407 F.3d 243, 248 (4th Cir. 2005). A complaint should not be dismissed for failure to state a claim unless "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Id. (quoting Edwards v. City of Goldsboro, 178

F.3d 231, 244 (4th Cir. 1999)). While a pro se litigant's pleadings are liberally construed, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), a pro se complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).

Cosner presents more facts in his informal brief than he did in his complaint, and he asserts that the district court should have given him an opportunity to amend his complaint. While the district court need not inform the plaintiff that he should amend his complaint, where no opportunity is given to amend the complaint, the dismissal should generally be without prejudice. See Arnett v. Webster, 658 F.3d 742, 756 (7th Cir. 2011; see also Coleman v. Peyton, 340 F.2d 603, 604 (4th Cir. 1965) (per curiam) (holding that, if a pro se complaint contains a potentially cognizable claim, the plaintiff should be given an opportunity to particularize his allegations). Here, the district court dismissed the complaint with prejudice and without giving Cosner an opportunity to clarify his claim.

A prison official unnecessarily and wantonly inflicts pain proscribed by the Eighth Amendment by acting with deliberate indifference to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). In order for a

3

prisoner to prevail on such a claim of medical mistreatment under § 1983, he "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 106. First, the prisoner must show objectively that the deprivation suffered or the injury inflicted was serious. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Second, the prisoner must satisfy the subjective component of such a claim by a showing of deliberate indifference by prison officials. This "entails something more than mere negligence" but does not require actual purposeful intent. Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997). "It requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

Here, the district court held that Cosner satisfied the first prong by showing a serious medical need but concluded that he had failed to allege that Defendants were deliberately indifferent. Liberally construing Cosner's complaint, Cosner alleged that he attempted to commit suicide by swallowing a needle-sharp, five inch plastic knife. Defendant Dodt treated this condition by checking Cosner's vital signs and ordering x-rays that were conducted three days later. Despite Cosner's request, Dodt declined to send Cosner to the hospital, even though she knew that an endoscopy would have been a safe and

4

effective treatment and that a delay in treatment would render an endoscopy unavailable.

When the x-rays did not show the presence of a knife, Cosner requested a CT scan which would have picked up the presence of the plastic knife that the x-ray missed. Dodt and Defendant Toney refused to send Cosner to the hospital because they did not want to give in to his demands, even while they recognized that an endoscopy "could very well work." As a result, Cosner was not taken to the hospital until he started to bleed, five days after ingesting the knife. He suffered extreme pain from the delay in treatment, as well as transfusions and multiple hospital stays that could have been avoided if he had been given a CT scan and endoscopy when he first reported his situation.

We find that these allegations, when liberally construed with all inferences in his favor, state a potentially cognizable claim for deliberate indifference to medical needs. See Farmer, 511 U.S. at 842 (holding that deliberate indifference standard is satisfied where an official "acted or failed to act despite his knowledge of a substantial risk of serious harm."). It is at least plausible that an examination and x-rays are constitutionally inadequate treatment for the suspected swallowing of a plastic knife. See De'lonta v. Johnson, 708 F.3d 520, 526 (4th Cir. 2013) (holding that, even

5

if Defendants provided "some" treatment, it does not necessarily follow that Defendants provided "constitutionally adequate treatment"); Greeno v. Daley, 414 F.3d 645, 655 (7th Cir. 2005) (noting that continued treatment that is known to be ineffective can constitute an Eighth Amendment violation).

Moreover, we need not decide whether these allegations alone are sufficient, as consideration of the allegations in Cosner's informal brief further strengthens his complaint. Had Cosner's complaint been dismissed without prejudice, he would have been able to construct a new complaint with these facts, and perhaps others. The additional allegations are as follows: (1) Toney denied Cosner treatment in order to teach him a lesson, (2) Toney and Dodt were aware of Cosner's history of swallowing dangerous objects, (3) Cosner had no history of lying about his suicide attempts, and (4) x-rays would not show the presence of a plastic item. When liberally construed, these allegations adequately assert that Defendants were deliberately indifferent by responding to a suspected knife swallowing by ordering x-rays that were unlikely to detect the presence of the knife and by refusing further treatment, not because of a medical judgment, but rather to punish and deter Cosner.

Based on the foregoing, we find that Cosner's claim was improperly dismissed with prejudice. We therefore vacate and remand to permit amendments to the complaint and for further

6

proceedings. We deny Cosner's motion for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

7