**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-8057**

_____

JOHNNY DWAYNE ADAMS,

> Plaintiff - Appellant,

> v.

SOUTHWEST VIRGINIA REGIONAL JAIL AUTHORITY; DR. OFOUGHT,

> Defendants - Appellees.

_____

Appeal from the United States District Court for the Western
District of Virginia, at Roanoke.   Norman K. Moon, Senior
District Judge.  (7:12-cv-00462-NKM-RSB)

_____

Submitted:  April 29, 2013          Decided:  May 13, 2013

_____

Before DAVIS, KEENAN, and THACKER, Circuit Judges.

_____

Affirmed in part, vacated in part and remanded by unpublished
per curiam opinion.

_____

Johnny Dwayne Adams, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Johnny Dwayne Adams appeals from the district court's order dismissing his 42 U.S.C. § 1983 (2006) suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (2006) for failure to state a claim. Adams sued the Southwest Virginia Regional Jail Authority ("SVRJ") and Dr. Ofought, a doctor at the jail, raising a claim of deliberate indifference to serious medical needs based upon the Defendants' treatment of his back and leg pain. We affirm the dismissal as to SVRJ for the reasons stated by the district court. See Adams v. Southwest Va. Reg'l, No. 7:12-cv-00462-NKM-RSB (W.D. Va. Nov. 26, 2012). However, with regard to the claims against Ofought, we vacate and remand for further proceedings.

Under 28 U.S.C. § 1915(e)(2)(B), which governs proceedings in forma pauperis, a district court is directed to dismiss a case "at any time" if the court finds that the case or appeal is frivolous or malicious, fails to state a claim, or seeks damages from someone who is immune from such relief. We review de novo a district court's dismissal for failure to state a claim. Slade v. Hampton Rds. Reg'l Jail, 407 F.3d 243, 248 (4th Cir. 2005) (28 U.S.C. § 1915A dismissal). A complaint should not be dismissed for failure to state a claim unless "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences

2

from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Id. (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)). While a pro se litigant's pleadings are liberally construed, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), a pro se complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).

Adams presents more facts in his informal brief than he did in his complaint. Where no opportunity is given to amend the complaint, the dismissal should generally be without prejudice. See Arnett v. Webster, 658 F.3d 742, 756 (7th Cir. 2011); see also Coleman v. Peyton, 340 F.2d 603, 604 (4th Cir. 1965) (per curiam) (holding that, if a pro se complaint contains a potentially cognizable claim, the plaintiff should be given an opportunity to particularize his allegations). Here, the district court dismissed without giving Adams an opportunity to clarify his claim and without specifying whether the dismissal was with or without prejudice.

A prison official unnecessarily and wantonly inflicts pain proscribed by the Eighth Amendment by acting with deliberate indifference to a prisoner's serious medical

3

needs.  Estelle v. Gamble, 429 U.S. 97, 104 (1976).  In order for a prisoner to prevail on such a claim of medical mistreatment under § 1983, he "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Id. at 106.  First, the prisoner must show objectively that the deprivation suffered or the injury inflicted was serious.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Second, the prisoner must satisfy the subjective component of such a claim by a showing of deliberate indifference by prison officials.  This "entails something more than mere negligence" but does not require actual purposeful intent.  Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997). "It requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm."  Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

Here, the district court did not address whether Adams' condition was a serious medical need.  The district court stated that Adams did not specify the part of his body that was in pain; however, the medical records submitted by Adams with his complaint show that he suffered from arthritis and degenerative disc disease and that he had chronic pain in his back, leg, pelvis and hip.  We find that these records raise a plausible claim that he had a serious medical

4

condition. See Scott v. Ambani, 577 F.3d 642, 648 (6th Cir. 2009) (noting that failure to treat severe back and leg pain might lead trier of fact to conclude that prison officials were deliberately indifferent); Gutierrez v. Peters, 11 F.3d 1364, 1370-71 (7th Cir. 1997) (recognizing that the Supreme Court in Estelle "never questioned that the inmate's allegations of severe pain from his back injury were sufficiently serious to support his Eighth Amendment claim").

Turning to the subjective prong and liberally construing Adams' complaint and supporting materials, Adams alleged that Ofought refused to treat him because he was an inmate and because he was requesting specific treatment, removed him from the vast majority of his pain medication without examining him after he complained, and told him that he did not need to be able to walk or stand. We find that these allegations, when liberally construed with all inferences in his favor, state a potentially cognizable claim for deliberate indifference to medical needs. See Estelle, 429 U.S. at 104-05 (noting that officials evince deliberate indifference by completely failing to consider an inmate's complaints).

Moreover, we need not decide whether these allegations alone are sufficient, as consideration of the allegations in Adams' informal brief further strengthens his complaint. Had Adams' complaint been dismissed without prejudice, he would have

5

been able to construct a new complaint with these facts, and perhaps others. The additional allegations are as follows: (1) Ofought was the doctor who denied him treatment (a fact that was only inferred from Adams' complaint), (2) Ofought failed to conduct any examination whatsoever, and (3) instead, Ofought drastically reduced Adams' pain medication that he had been on for fourteen years in the face of Adams' assertions of increasing pain. When liberally construed, the entirety of Adams' allegations adequately assert that Ofought was deliberately indifferent by refusing treatment based upon Adams' status and his complaints, rather than a medical judgment; by failing to conduct any examination or investigation into Adams' complaints of pain, which were supported by his medical records; and by reducing Adams' pain medication without a medical reason.

Based on the foregoing, we find the claim against Ofought was improperly dismissed. We therefore vacate and remand to permit amendments to the complaint and for further proceedings. We affirm the dismissal of the claims against SWRJ. We deny Adams' motion for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED IN PART; VACATED</u>
<u>AND REMANDED IN PART</u>

6