**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-1249

HAROLD K. ALLEY, JR.,

Plaintiff - Appellant,

v.

YADKIN COUNTY SHERIFF DEPARTMENT, CARE OF WILLIAM R. OLIVER,

Defendant - Appellee.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta Copeland Biggs, District Judge.  (1:16-cv-00100-LCB-JEP)

Submitted:  September 19, 2017                Decided:  October 5, 2017

Before WILKINSON, TRAXLER, and DUNCAN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Harold K. Alley, Jr., Appellant Pro Se.  Torin L. Fury, William L. Hill, FRAZIER HILL & FURY, RLLP, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Harold K. Alley, Jr., appeals the district court's order dismissing his pro se civil complaint and action with prejudice. We vacate and remand for further proceedings.

Alley's complaint alleged that excessive force was used against him on February 11, 2014 by officers for the Sheriff of Yadkin County, North Carolina in connection with his involuntary civil commitment. According to Alley, he named the Sheriff, William R. Oliver, as the Defendant in his original complaint, but the district court changed the name to "Yadkin County Sheriff Department, care of William R. Oliver." Defendant contends that the Sheriff was the proper entity to sue, not the Sheriff's Department.

In any event, the Defendant was served and moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(1), (2), (6). Defendant first argued that any claims "against the 'Yadkin County Sheriff Department' should be dismissed as this entity lacks the legal capacity to be sued." In the event that the district court *construed Alley's claims as being lodged against the Office of the Sheriff of Yadkin County*, Defendant argued that any state law claims were barred by the doctrine of governmental immunity, and any federal or state law claims were based on conclusory statements with insufficient factual detail.

In his response to the motion to dismiss, Alley stated that he did not intend to sue "the entire Yadkin Co. Sheriff Dept." but only the "guilty parties," including "the head Sheriff <u>William Oliver</u>," as well as the officers who assaulted him and were dispatched to his home. However, he did not know the identity of his attackers, because he could not see them, as it was dark outside and they were wearing helmets and face shields.

2

In its final order, the district court granted the motion to dismiss under Rule 12(b)(6) and dismissed Alley's entire complaint and action *with prejudice*, because the action was filed against a single Defendant, "Yadkin County Sheriff Department," who lacked the legal capacity to be sued. The district court did not address the Defendant's alternative arguments or Alley's arguments in response to the motion to dismiss.

We review the district court's order de novo. *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). In doing so, we may consider facts subject to judicial notice. *See Zak v. Chelsea Therapeutics Int'l*, 780 F.3d 597, 607 (4th Cir. 2015). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting Bell *Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Pro se complaints and pleadings, however inartfully pleaded, must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Liberal construction is particularly appropriate where, as here, there is a pro se complaint raising civil rights issues. *Martin v. Duffy*, 858 F.3d 239, 248 (4th Cir. 2017) (quotation marks and citations omitted). The "complaint should not be dismissed for failure to state a claim unless after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Id.* (internal quotation marks and citations omitted).

3

"[C]laims of legal substance should not be forfeited because of a failure to state them with technical precision," and where a claim is potentially cognizable, the plaintiff should be afforded an opportunity to amend his complaint or particularize his allegations. *Coleman v. Peyton*, 340 F.2d 603, 604 (4th Cir. 1965). Although a district court "is not required to act as an advocate for a pro se litigant," where the litigant "has alleged a cause of action which may be meritorious against a person or persons unknown, the district court should afford him a reasonable opportunity to determine the correct person or persons against whom the claim is asserted, advise him how to proceed and direct or permit amendment of the pleadings to bring that person or persons before the court." *Gordon v. Leeke*, 574 F.2d 1147, 1152-53 (4th Cir. 1978). Accordingly, even when a plaintiff fails to allege sufficient facts against a particular defendant to survive a Rule 12(b)(6) motion, where "the district court neither gave [the plaintiff] the opportunity to amend nor did it engage in any discussion as to why amendment would be futile," the dismissal "should generally be without prejudice." *King*, 825 F.3d at 225.

In this case, the district court did not consider whether Alley's complaint should be construed as having been filed against the Yadkin County Sheriff, and it did not discuss or permit any amendment or reasonable opportunity for him to determine the correct person or persons against whom his claims should be asserted. We therefore conclude that the complaint should not have been dismissed *with prejudice*.

Accordingly, we vacate the district court's order, remand for further proceedings consistent with this opinion, and deny the pending motions as moot. We dispense with

4

oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*