**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JUDE A. PREVAL,
<u>Plaintiff-Appellant,</u>

v.

JANET RENO, Attorney General;

RAYMOND SMITH; PIEDMONT
REGIONAL JAIL; LEWIS BARLOW,
Superintendent; EDWARD I. GORDON,
<u>Defendants-Appellees.</u>

No. 99-6950

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CA-99-413)

Submitted: December 29, 1999

Decided: January 13, 2000

Before WILLIAMS and KING, Circuit Judges, and HAMILTON,
Senior Circuit Judge.

_____

Affirmed as modified in part, vacated in part, and remanded by
unpublished per curiam opinion.

_____

**COUNSEL**

Jude A. Preval, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Jude A. Preval, a native and citizen of Haiti, is currently in the custody of the Immigration and Naturalization Service (INS) awaiting deportation. While in INS confinement, Preval filed a complaint under 42 U.S.C.A. § 1983 (West Supp. 1999), alleging that the appellees violated his civil rights. The district court dismissed the complaint as frivolous under 28 U.S.C.A. § 1915A(b)(1) (West Supp. 1999) and 42 U.S.C.A. § 1997e(c) (West Supp. 1999).

Dismissals under § 1915A are reviewed de novo. See Liner v. Goord, ___ F.3d ___, 1999 WL 734693 (2d Cir. Sept. 22, 1999) (No. 98-2925). Both 28 U.S.C.A. § 1915A and 42 U.S.C.A. § 1997e(c) require dismissal of a complaint in a civil action brought by a prisoner if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. A claim is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

We affirm on modified grounds the district court's dismissal of Preval's claims as to the named defendants and the claims concerning jail conditions and the failure to provide adequate medical care.[1] We note that 28 U.S.C.A. § 1915A and 42 U.S.C.A.§ 1997e(c) apply only to prisoners, and that the circumstances of Preval's confinement as an INS detainee are not encompassed within the statutory definition of "prisoner." See Ojo v. INS, 106 F.3d 680, 682 (5th Cir. 1997).

_____

[1] To the extent that Preval's complaint may be read to claim that his constitutional rights were violated because of his detention in the same facility in which prisoners convicted of criminal offenses were housed, we conclude that an argument that INS detainees must be separately confined fails to state a claim upon which relief can be granted.

2

However, because the district court properly determined that Preval's claims against defendants Janet Reno, Raymond Smith, Lewis Barlow and Edward I. Gordon are based solely on the supervisory nature of their positions, we affirm the dismissal of the claims against them. See Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990). The court also properly determined that the Piedmont Regional Jail is not a "person" and is therefore not amenable to suit under § 1983, and we affirm dismissal of the claims against the jail for that reason. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).

We further agree with the district court that it was unnecessary to accord Preval an opportunity to particularize and amend his complaint as to his claims concerning jail conditions and inadequate medical care. Although there is not an established constitutional standard in this circuit for the review of § 1983 claims filed by INS detainees, we find that under any constitutional standard, Preval has failed to state a claim with regard to these claims, and we affirm dismissal of those claims on that basis. See Strickler v. Waters , 989 F.2d 1375, 1381-82 (4th Cir. 1993) (addressing § 1983 claims based upon jail conditions); Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988) (addressing allegations of inadequate medical care).

We conclude, however, that Preval's complaint that he was not adequately protected against an assault was prematurely dismissed for the following reasons. First, the failure to protect claim was not pled with sufficient specificity to permit the court to determine with certainty that Preval could articulate no set of facts that stated a claim. See Coleman v. Peyton, 340 F.2d 603, 604 (4th Cir. 1965) (explaining that when a pro se complaint contains a potentially cognizable claim, the plaintiff should be allowed to particularize the claim). Also, because there is no established constitutional standard in this circuit for reviewing § 1983 claims by INS detainees, Preval should be granted the opportunity to set forth arguments as to the appropriate standard. The dismissal of Preval's "failure to protect" claim is accordingly vacated. On remand, the district court should allow Preval the opportunity to particularize his allegations to state a claim of constitutional magnitude[2] and to amend his complaint to name defendants who were specifically responsible for failing to protect him.

_____
[2] By this disposition, we do not intend to constrain the district court's evaluation of Preval's claim on remand. Thus, should such a disposition be warranted, the district court remains free to conclude upon remand that Preval's averment of inadequate protection, even as particularized, fails to state a cognizable claim.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED AS MODIFIED IN PART,

VACATED IN PART, AND REMANDED

4