# UNITED STATES COURT OF APPEALS

**UNPUBLISHED**

## FOR THE FOURTH CIRCUIT

ANTHONY SHELTON CLINKSCALES,
*Plaintiff-Appellant,*

v.

PAMLICO CORRECTIONAL FACILITY
MEDICAL DEPARTMENT; JOANN WISE,
*Defendants-Appellees.*

No. 00-6798

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CA-00-84-5-H)

Submitted: October 26, 2000

Decided: November 21, 2000

Before MICHAEL, MOTZ, and KING, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

## COUNSEL

Anthony Shelton Clinkscales, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Anthony S. Clinkscales appeals the district court's order dismissing his 42 U.S.C.A. § 1983 (West Supp. 2000) complaint as frivolous under 28 U.S.C.A. § 1915A (West Supp. 2000). Clinkscales alleged a violation of his civil rights arising out of Defendants' failure to adequately treat his medical condition caused by a plate attached to his right ankle. Clinkscales alleged injury as a result of Defendants' delays in the form of unnecessary pain, exacerbation of the injury, and the necessity of surgery. In its dismissal order, the district court determined that Clinkscales had failed to state a viable deliberate indifference claim, as his allegations only supported a finding of negligence in scheduling medical appointments. For the reasons stated below, we vacate and remand to the district court for further proceedings.

A dismissal under § 1915A is appropriate where the factual assertions are "fantastic or delusional" or the legal claims are based on an indisputably meritless legal theory. *See Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). We review cases dismissed as frivolous for an abuse of discretion. *See Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998), *cert. denied*, 527 U.S. 1041 (1999).

Prisoners can establish an Eighth Amendment violation with respect to medical care if they can prove that there has been deliberate indifference to their serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The test for deliberate indifference has two parts. First, whether the deprivation of medical care was sufficiently serious (objective component) and second, whether there existed a culpable state of mind (subjective component). *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

The first issue (the objective element) is whether Clinkscales alleged the deprivation of a serious medical need. *See Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998). Here, Clinkscales alleges that he has a plate attached to his right ankle. He claims that he suffers excruciating pain in his leg and back and that it is difficult to walk. He also filed a note from an orthopedist recognizing that Clink-

scales needed surgery and that his symptoms could not be alleviated by braces or orthopedic shoes. Accordingly, we find that Clinkscales has properly alleged a serious medical need.

The objective element also requires allegations that Clinkscales' serious medical need was not timely or properly treated. Clinkscales alleges that, beginning in October 1998, he repeatedly told prison officials and medical personnel that he was in pain from his foot condition, was having difficulty walking, and needed to see a doctor. His previous institution had arranged an appointment before he was transferred, but he was not transported to that appointment. In addition, Clinkscales alleges that Defendant Wise noted his medical history and commented that he should not have been transferred in his condition. Nonetheless, Clinkscales was not seen by a doctor until August 1999, over nine months after first alerting prison officials to his medical needs. Clinkscales then alleges that prison officials did not execute the doctors' orders with regard to fitting a brace or returning for further treatment. Clinkscales asserts that the delay in treatment has caused him pain and exacerbated his condition. Because Clinkscales alleges that prison officials were aware of his serious medical need, did not treat it for nearly nine months and then failed to comply with his doctors' orders, we find that Clinkscales' allegations are sufficient to satisfy the objective component of a deliberate indifference suit.

The subjective element requires a showing that the Defendants' actions were "wanton." The standard for wantonness depends upon the circumstances of the case. *See Wilson*, 501 U.S. at 302-03. Deliberate indifference requires, at a minimum, that the defendant thought about the matter and chose to ignore it. It may appear when prison officials deny, delay, or intentionally interfere with medical treatment. *See McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

Clinkscales alleges that the Defendants were aware of his medical problems and that they did not arrange for treatment. He contends that sometimes he was given incorrect information regarding upcoming appointments and sometimes his inquiries were ignored. The record contains no explanation sufficient to explain why Clinkscales was denied treatment. The district court found that the appointments were

missed based on the negligence of those responsible for setting up appointments. However, Clinkscales has alleged that his inquiries were ignored many times, that he was repeatedly told that he would have or had already had appointments that never happened, and that once he saw a doctor, prison officials refused to abide by his directions. Based on these assertions, including the passage of nine months before Clinkscales' condition was treated, we hold that he sufficiently alleges facts constituting deliberate indifference. *See Monmouth County Correctional Inst. Inmates v. Lanzaro*, 834 F.2d 326, 346-47 (3d Cir. 1987) (prison officials may not interminably delay medical treatment or deny treatment based on arbitrary and burdensome procedures); *Newman v. Alabama*, 503 F.2d 1320 (5th Cir. 1974) (deprivation of required medical equipment can state a claim under § 1983).

Although Clinkscales' initial complaint was somewhat vague as to the particular medical staff members that had allegedly caused his injury, where a pro se litigant alleges a cause of action which may be meritorious against persons unknown, the district court should afford him a reasonable opportunity to determine the correct person or persons against whom the claim is asserted, advise him how to proceed, and direct or permit amendment of the pleadings to bring that person or persons before the court. *See Gordon v. Leeke*, 574 F.2d 1147, 1152-53 (4th Cir. 1978); *see also Coleman v. Peyton*, 340 F.2d 603, 604 (4th Cir. 1965) (pro se plaintiff should be given an opportunity to particularize a potentially viable claim). Thus, because Clinkscales' complaint was not based on an indisputably meritless legal basis and because he alleged facts sufficient to support his claim, we find that the district court abused its discretion in dismissing Clinkscales' complaint as frivolous. Accordingly, we remand to the district court with instructions to allow Clinkscales to amend his complaint and for further proceedings thereon. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*